McBride, judge,
delivered the opinion of -the court.
This was an action of assumpsit brought by Jackson against Eddy in the St. Louis court of common pleas. The declaration contained three counts: the first two were upon a letting in writing, not under seal, from the appellant to the appellee of a certain cellar and room next above, of a store in St. Louis from 1st Feb. 1845 until 1st Nov. following, being nine months, for $487 50, payable quarterly the sum of $162 50. The third count was indebitatus assumpsit for $375 owing said appellant by said appellee for the use of said premises See. The sum claimed in the suit was $162 50 for the last quarter’s rent.
The defendant pleaded, 1st, non assumpsit, 2d, that the plaintiff had evicted and turned defendant out of the possession of the premises— issue to the second plea.
*211 A verdict was found for the. defendant, when the plaintiff moved for a new trial, assigning the usual reasons, which was refused, and he excepted and brings the case here by appeal.
The facts of the case, as we gather-them from the bill of exceptions, are as follows:
Jackson rented the premises in question for the term- and' sum above mentioned to Eddy, who agreed to make all the repairs which he deemed necessary, and to return the premises-, at the expiration of the lease. Eddy took possession under-the lease, and occupied until about the 1st' August following, when he sent the key to the plaintiff 5's room, and it was delivered to a hoy about 14 years old, who gave it to the plaintiff on his return to the store. Plaintiff returned the key wi-th a note to the defendant, saying that he would abide by the lease. The defendant then- put a card on the door “ To let—apply to J. P. Eddy & Co.”' and retained the key until the expiration of his tei’m. There was- some conflict in the evidence as to the condition of the store : it appears, however, that the plaintiff occupied the room overhead as a grocery store— that the dripping of the salt, tar &c. in store occupied by him passed through the floor, and upon the sugar hogsheads, brooms &e. in store acc-upied by the defendant below : that the defendant complained to the plaintiff, who endeavored to prevent it by sprinkling saw dust on the floor above, which, however, only stopped the leakage temporarily. The room was about 100 feet long, and the leakage extended about 25 feet over the back end of the room-. The plaintiff occupied- the upper-room as a wholesale grocery store prior to and at the time he rented to the defendant the room below and the cellar. The condition of the room below remained in about the same condition it was when the defendant rented it, except that occasionally the leakage from the salt and tar was worse than at other times.
The plaintiff asked twelve instructions, embracing much of the common law doctrine governing the relation of lessor and lessee, which the court refused, and gave to the jury the two following instructions :
“ If the jury find from the evidence that the store leased by the defendants of the plaintiff -was rendered unfit for use as a store, by reason of leakage from the part of the building occupied by the plaintiff, and continued untenantable for the same reason after the defendants had remonstrated with the plaintiff, and that, previous to the time for which rent is claimed, the defendants had abandoned the premises to prevent injury to their goods from the leakage aforesaid, and offered to surrender possession to the plaintiff—they will find for the defendant.”
*212 “Jf the jury find from the, evidence the facts supposed in the above instruction, fhey will find for the defendant, although it should; appear from the evidence that the defendants retained possession of the key after it was refused by the plaintiff, and offered the store for rent.”
What acts done by a lessor will amount to an eviction and authorize the lessee to surrender, and acquit himself of liability to pay rent, appears not to be very clearly settled in. the books. Some courts have held that an actual eviction of the lessee fr.om the premises leased,i either by a title paramount to the lessors, or by the lessor himself,, would alone enable the lessee to resist the payment of rent; because it iiS s.aid, if the wrongful act of the lessor does not actually oust the lessee of ppssession, he may be compensated by an action of trespass for aqy injury done to his possession. Other courts, have gone a step beyond this,, and have held that a partial eviction, that is, an eviction from, a part of the premises leased by the landlord, will authorize the lessee to abandon and discharge him from liability for rent: whilst others, have decided that any act of the lessor which defeats the enjoyment of the property by the lessee is a good bar to the demand for rent, provide^ the lessee abandon the possession in consequence of such wrongful act of the lessor. These different opinions underwent a review by the court of errors of New York, 8 Cow. 728, when the latter doctrine wqa maintained as being most rational and equitable.
The consideration of the lessees, undertaking to pay rent, is the quiet,, peaceable and indisputable possession of the premises leased, and is, in its nature, a condition precedent to the payment of rent. If the lessor by any wrongful a,ct disturbs that possession which he should-protect and defend; he thereby forfeits his right,, and the lessee may abandon the possession of the premises leased, and thereby exonerate himself from liability to pay rent.
In this case, the court by its instruction submitted the question to the jury to find whether by the conduct or acts of the plaintiff, the store-, room occupied by the defendant was rendered unfit for use as a store, and that, in. consequence thereof the defendant had surrendered the possession. The jury having found these facts, their verdict was properly given for the defendant.
We do not deem it necessary to comment on the several minor, points, raised in.tile case. The main question involved was fairly put to the jury, and we see no ground for disturbing their verdict. ' Wherefore the-judgment of the circuit court ought to be affirmed, and, the other, judges qoq.cur.ring,.the same is affirmed..