Taylor v. Holman.

GEORGE M. TAYLOR, Appellant, *v.* SQUIRE HOLMAN, Respondent.

1. *Practice, civil—Damages—Willful negligence, allegation of—Instructions.*
— In a suit for damages by reason of injuries done to a mill, which were alleged to have resulted from defendant's willful negligence, the allegation of "willful" negligence in the pleading was wholly immaterial, and might have been stricken out as surplusage; and an instruction that required, as a condition to plaintiff's recovering, that the jury should find the actions or omissions complained of to have been in any sense "willful," was misleading, and proper ground for reversing the cause on appeal.

*Appeal from Fourth District Court.*

*Williams & Eberman,* and *G. M. Taylor,* for appellant.

If the evidence shows the defendant guilty of breaking plaintiff's mill by carelessness or negligence, it need not show, in order to establish plaintiff's right of recovery, that such breaking was willful.

*Dysart & Brown,* for respondent.

CURRIER, Judge, delivered the opinion of the court.

The plaintiff mingles in his petition, and in the same count, different and incongruous causes of action: one for rent accrued

upon a parol lease of a mill; and one for injuries to the mill, alleged to have resulted from the defendant's willful negligence. No objection, however, was taken to the petition, and the matter is therefore not open for consideration here.

The plaintiff having been defeated in the action, brings the cause here by successive appeals. The only point requiring attention relates to the defendant's second instruction, which directed the jury that, unless they believed that the plaintiff's mill was injured by the "willful negligence" of the defendant, or some one in his employment, they should find for the defendant, as respected that branch of the case. This instruction was clearly erroneous, and may have seriously misled the jury. It was quite capable of being used in argument greatly to the plaintiff's prejudice, and can not be defended. Nor is the error in the instruction cured by the form of the allegation of negligence in the petition, or by the instructions given for plaintiff. The allegation of "willful" negligence in the pleading was wholly immaterial, and might have been struck out as surplusage. (Parton v. Holland, 17 Johns. 92.) It was sufficient for the plaintiff to show that the injury complained of resulted from the defendant's negligence, however unintentionally that negligence may have induced the alleged injury, or however unintentional the negligence itself may have been. The issue was one of simple negligence. The instruction, therefore, that required, as a condition to the plaintiff's recovery, that the jury should find that the acts or omissions complained of were in any sense willful, was wrong and misleading; and for that reason the judgment must be reversed and the cause remanded. The other judges concur.