## THE PENNSYLVANIA COMPANY *v.* KRICK.

EVIDENCE.—*Conflicting.*—*Supreme Court.*—A judgment will not be reversed on the ground of the insufficiency of the evidence to sustain the verdict, when the evidence is conflicting, and would support a verdict for either party.

RAILROAD.—*Negligence.*—Under a general charge of negligence in the running of a railway train, evidence may be given of any and every degree of negligence. Negligence must be charged in the complaint, but it is the province of the evidence to show in what it consisted.

SAME.—*Crossing.*—*Rights of Railroad Company and the Public.*—The rights of a traveller on a highway, where it crosses a railroad, are not subordinate to those of the railroad company, or superior to them, but equal ; and both parties are bound to use ordinary care, the one to avoid committing injury, and the other to avoid receiving it.

SAME.—*Signal of Approach to Crossing.*—It is the duty of the engineer to give sufficient signals of the approach of a train to a road crossing by ringing the bell, sounding the whistle, or otherwise, as may be practicable, where the circumstances seem to require it.

From the Allen Circuit Court.

*J. Brackenridge, W. H. Coombs, W. H. H. Miller,* and *R. C. Bell,* for appellant.

*M. V. B. Spencer, E. L. Brenton, J. T. Pool,* and — *Hertig,* for appellee.

PETTIT, J.—This suit was brought by Krick, the appellee, against the appellant, the Pennsylvania Company, lessee of and operating the Pittsburg, Fort Wayne, and Chicago Railroad, for killing his horses and damaging his wagon and harness, at the town of Monroeville, Allen county, Indiana. The complaint, so far as it relates to the negligence of the defendant and the non-negligence of the plaintiff, is this :

"The defendant carelessly and negligently caused one of its locomotives, with a train of cars thereto attached, to approach said crossing from the west side thereof, and then and there to pass rapidly over the track of said railway, and negligently and carelessly omitted, while so approaching said crossing, to give any signal, by ringing the bell or sounding the steam whistle of said locomotive, of the approach of said locomotive and cars thereto attached, until the plaintiff was in the immediate vicinity and within twenty feet of said track, and wholly unable to check his team and avoid a collision with said locomotive and train ; that the plaintiff could not see said train, nor the track of said railway west of said

crossing, while he, the plaintiff, was approaching said crossing, on account of buildings, and hoop-poles, and stave stuff, which said hoop-poles and stave stuff were piled upon the grounds of said railway, with the knowledge and permission of the defendant, on the west side of said crossing; that by reason of said defendant's negligently and carelessly causing said locomotive and cars to approach and pass over said crossing at a great rate of speed, and without making any signals as aforesaid, the said locomotive and cars struck the plaintiff's horses, killing them instantly, and greatly injuring the plaintiff's harness and wagon above named; that the injury complained of was caused by no want of ordinary care or diligence on the part of the plaintiff, and that he could not have avoided the said injury by the exercise of ordinary care and prudence."

There was an answer of general denial, trial by jury, verdict for the plaintiff, motion for a new trial overruled, exceptions taken, and judgment on the verdict.

The question as to the sufficiency of the evidence to sustain the verdict is raised by the assignment for error, that the court overruled the motion for a new trial, one of the causes for a new trial being that the evidence was insufficient to sustain the verdict.

The counsel for both parties have attempted to state the substance of the evidence, but they differ so widely, we have been compelled to carefully read and consider it in full, and from so doing we are able to say that it is somewhat conflicting, and possibly it would have sustained a verdict for either party, but we think that it preponderates in favor of the verdict found.

Following the numerous rulings of this court, we can not reverse the judgment on the evidence.

It is insisted that the complaint only charges ordinary negligence, and that evidence can not be given under it of gross negligence, and that a verdict founded or found on such evidence is void, or wrong and vicious. We do not think so. A charge of negligence by the plaintiff against the defendant

The Pennsylvania Co. *v.* Krick.

is broad enough to admit proof of any and all degrees of negligence, if any such degrees of negligence in law exist. Negligence must be charged in the complaint, but it is the province of the evidence to show in what it consists. *The I., C. & L. R. R. Co.* v. *Hamilton,* 44 Ind. 76; *The Ohio and Mississippi R. W. Co.* v. *Selby, post,* p. 471, and cases cited.

The court below overruled the motion for a new trial, on the ground that the evidence showed gross neglect on the part of the defendant. We think that on the evidence the jury might have properly found that the plaintiff was not guilty of any negligence, and that the defendant was guilty of ordinary negligence; and that, therefore, the defendant was liable; or, that the defendant was guilty of gross neglect, and that, therefore, the defendant was liable, though the plaintiff was guilty of some, or ordinary negligence.

The only remaining question presented by the record or the brief of appellant's counsel is as to the correctness of this instruction:

"The rights of a traveller on the highway, where it is crossed by a railroad, are not subordinate to those of the railroad company, nor superior to them, but equal; and both parties are bound to use ordinary care, the one to avoid committing, and the other to avoid receiving, injury. For this purpose, it is the duty of the engineer to give sufficient signals of the approach of a train, by ringing his bell, sounding the whistle, or otherwise, as may be practicable, when the circumstances seem to require it."

The train was running through a town of five hundred inhabitants at a speed of thirty-five or forty miles an hour, and crossing streets in the town. These circumstances required great care on the part of the defendant. This charge was clearly right. We can not conceive or imagine an instruction more clearly within the law or the reason thereof. Shearman & Redfield Neg., sec. 481.

We have no law giving precedence to a railroad over a team of horses, or to a team of horses over a railroad train.

The judgment is affirmed, at the costs of the appellant, with five per cent. damages.