John C. Goodwin *vs.* Nahum A. Hersom.

York, 1875.—August 6, 1875.

*Evidence. Pleading. Variance.*

In an action on the case against a surgeon for negligence in which injuries were alleged to have ensued from his want of ordinary care and skill in the treatment of a fracture, *held,* that proof that he gave assurances to the plaintiff that he possessed and would exercise extraordinary skill, and effect a cure, was not admissible to support the declaration, since the plaintiff must recover, if at all, in accordance with his allegations.

On exceptions.

Case, alleging substantially that the defendant, on the sixteenth day of June, 1872, at Sanford, &c., was a physician and surgeon employed by the plaintiff, to treat his dislocated and fractured ankle and foot, which the defendant attempted and undertook to do, but did it so negligently, carelessly and unskilfully, that, by want of skill and necessary and proper setting, care and attendance thereto, &c., &c., the said foot and ankle became inflamed, sore and festering for six months, and permanently stiff and fixed in an unnatural position, so as to be almost useless, &c. The declaration contained two counts, both setting out the case with the customary amplifications, but both based upon an asserted failure to exercise ordinary care and skill. *Ad damnum,* $5000.

At the trial the plaintiff and his brother testified that the former thought he had a bad leg, and wanted to go to the Massachusetts General Hospital, but that Dr. Hersom ridiculed the idea, saying he had been a surgeon in the army ; was fully competent ; that it was a simple fracture which he could attend to as well as anybody, and would warrant the patient as good a leg as the other, or as it ever was.

Among other instructions, the presiding justice gave the following, to which the plaintiff excepted, the verdict having been against him :

"The parties might have entered into a contract between themselves. The doctor, on his part, might have engaged that he would treat this patient for a given sum, and entered into a con-

tract that he would bring about a result, and warrant that result. That would have been a contract upon which, if there had been a breach of it on the part of the defendant, the plaintiff might have sustained an action of assumpsit. This is not an action of assumpsit; it is for a tort, and hence you will lay out of mind, in the consideration of this case, so far as the maintaining of the action is concerned, any testimony relating to an alleged warranty on the part of the doctor. So far as that testimony goes, it is only admissible to show, if it was made, what the doctor thought of his own ability.. Whether he made such a conversation with this plaintiff or not has nothing to do with the maintenance of this suit; the plaintiff may not be able to maintain it if he did make such conversation."

*W. J. Copeland,* for the plaintiff, contended that if the defendant did not have such skill as he professed to have, he was liable under the circumstances of this case in tort, for not having it; that if he had such skill it was negligence if he did not exercise it, and that the instructions of the court that "whether he made such a conversation or not has nothing to do with the maintenance of this suit," was erroneous, as the defendant, whatever his pretensions and representations of skill were, would, under such instructions, be held to ordinary skill only.

*A. Low & I. T. Drew,* for the defendant.

BARROWS, J. The plaintiff must recover, if at all, in accordance as well with his allegations as with his proof.

He does not allege in his writ that the defendant made any pretensions to extraordinary skill as a surgeon, or undertook to warrant a prompt or perfect cure, or that he was induced to employ the defendant by means of any such pretensions or promises.

The only issue presented and joined in these pleadings by the parties, was, whether the defendant was guilty of a want of the ordinary skill and care which every professional man impliedly undertakes to bestow upon a case committed to his charge.

In view of the testimony introduced by the plaintiff and recited in the exceptions, the instruction was appropriate, in order to

direct the attention of the jury to the issue upon which they were to pass; and it affords the plaintiff no just cause of complaint.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.