HOLMES and another vs. THE CITY OF FOND DU LAC.

INJURIES FROM DEFECTIVE HIGHWAY. (1) HUSBAND AND WIFE, *competent witnesses in action by both.* (2) *Complaint and proof as to nature of injury.* (3) *Rule of damages.* (4) *Instructions.*

1. In an action by husband and wife to recover damages resulting from personal injuries to the wife, where the husband's claim for loss of service is joined (under ch. 96 of 1873), a general objection to the competency of the wife or husband as a witness in the action, is bad, and does not raise the question whether the examination of either witness could be restricted.

2. The description in the complaint of the injury received by the female plaintiff was, that she "received great bodily injury, and was severely bruised on her leg and thigh, and had her thigh dislocated, and received great and cruel injury to her bowels and her abdomen, and was much sick, sore, lame and disabled," etc. *Held,* that there was no error in admitting evidence of injuries to the *uterus.*

3. There being evidence of the existence of a certain uterine difficulty on the female plaintiff's part after the accident, the court charged the jury that she had no right to recover for this unless it was "traceable either directly or remotely to the injury" received at the time of the accident; but that if it had "followed properly and naturally as a consequence of that injury, although not produced at the time," she "stood in respect to it in just the same position as though it had been caused directly by it." *Held,* no error as against the city.

4. The court having submitted it to the jury, under proper instructions, to find upon *all* the circumstances attending the accident, whether there was any want of ordinary care on plaintiff's part, there was no error in refusing an instruction that they might infer contributory negligence from the fact that plaintiff, a short time before stepping into it, passed directly by the hole in the walk, which was the defect complained of.

APPEAL from the Circuit Court for *Jefferson* County.

The plaintiffs, *John A. Holmes* and *Esther Holmes*, his wife, brought this action to recover for injuries received by the wife in consequence of her stepping into a hole in a defective sidewalk. In addition to the personal injuries suffered by the wife, the complaint alleges the loss of her services on the part of the husband, and the expense to which he was put in procuring for her medical attendance, etc., as grounds of recovery. The exceptions taken at the trial will sufficiently appear from the opinion.

In regard to contributory negligence, the court charged the jury that if *Mrs. Holmes* " was herself negligent in such a way as to contribute directly to the accident," if she " was guilty of negligence in going along the street at midday and stepping into a hole, and such negligence essentially contributed to the injury," plaintiffs could not recover; that, " in the absence of any knowledge, she had a right to presume that this sidewalk was in a reasonably safe and proper condition, but nevertheless it was her duty to know where she was going and how she was going;" that " negligence is simply a failure to exercise ordinary care," that is, " such care as the generality of mankind would exercise under like circumstances;" and that "any want of ordinary care, however slight, on the part of *Mrs. Holmes*," would prevent a recovery.

Plaintiffs had a verdict for $1,500; a new trial was denied; and defendant appealed from a judgment on the verdict.

*W. H. Hurley*, for the appellant, to the point that it was error to admit evidence of injuries to the uterus, such injuries not being alleged in the complaint, cited 1 Chitty's Pl., 428;

2 Greenl. Ev., § 29. To the point that it was error to permit the plaintiffs to testify generally in the cause, he cited 1 Best on Ev., § 175; 1 Wharton's Law of Ev., § 122; *Smith v. Tuggle,* Cent. L. J., 1874, No. 6, p. 67; *Comm. v. Marsh,* 10 Pick., 57; 102 Mass., 385; *Lucas v. The State,* 23 Conn., 18; *Jones v. Simpson,* 59 Me., 180; *McKeen v. Frost,* 46 id., 239; *Copous v. Kauffman,* 8 Paige, 583; *Hosack v. Rogers,* id., 229; 60 Barb., 527; *Fugate v. Pierce,* 49 Mo., 441; *Owen v. Brockschmidt,* 54 id., 285; *Creamer v. State,* 34 Tex., 173; *Mountain v. Fisher,* 22 Wis., 93. He also argued that ch. 96 of 1873, which enables the husband to recover in this action his separate damages, does not give him the right to testify further than as relates to his separate cause of action, and that nothing in that act, or in ch. 176 of 1868, removes the common-law disability of husband and wife to testify in behalf of each other. 1 Wharton's Law of Ev., § 435; *Mitchinson v. Cross,* 58 Ill., 366; *Bevins v. Cline,* 21 Ind., 37; *Pea v. Pea,* 35 id., 387; *Stanley v. Stanton,* 36 id., 445; *Castello v. Castello,* 41 Ga., 613; *Dunlap v. Hearn,* 37 Miss., 471; *Funk v. Dillon,* 21 Mo., 294; *Bronson v. Bronson,* 8 Phila. R., 261; *Hays v. Hays,* 19 Wis., 182; *Birdsall v. Dunn,* 16 id., 235; *Stewart v. Stewart,* 41 id., 624; *Lucas v. Brooks,* 18 Wall., 436. He also contended that if the womb difficulty complained of could not be traced *directly,* but only *indirectly* or *remotely,* to the accident, it should not have been considered by the jury in fixing the damages; that the charge on that subject was erroneous; and that there was also error in refusing the instruction asked by defendant in respect to contributory negligence.

*James W. Bass,* for the respondent, as to the admissibility of the plaintiffs as witnesses in their own behalf, cited *Marsh v. Potter,* 30 Barb., 506; *Babbott v. Thomas,* 31 id., 277; *Schaffner v. Reuter,* 37 id., 44; *Card v. Card,* 39 N. Y., 317; *Maverick v. R. R. Co.,* 36 id., 378; *Stewart v. Stewart,* 41 Wis., 624. To the point that the allegations of the complaint

as to the nature of the injuries suffered were sufficient to justify the admission of all the evidence actually received on that subject, he cited *Birchard v. Booth*, 4 Wis., 67, 73, 74; and he argued that, even if it were otherwise, defendant was not taken by surprise, because the deposition of *Mrs. Holmes* detailing the injuries was taken in the presence of defendant's attorney several weeks before the trial, and an amendment might properly have been allowed at the trial, covering the defect.

COLE, J. The complaint in this case was framed under ch. 96, Laws of 1873. It includes such damages as the husband and the wife might by separate actions recover, but which could not be united in the absence of that statute. On the trial, the deposition of the female plaintiff was offered in evidence. Her testimony was objected to generally on the part of the city, on the ground that, being the wife of her coplaintiff, she was an incompetent witness in the cause. When *John A. Holmes* was called as a witness for the plaintiffs, he was objected to generally, because he was the husband of the plaintiff *Esther*. It will be seen that the objection in both cases went solely to the competency of the witnesses to testify in the action, and was rightly overruled upon the decisions in *Barnes v. Martin*, 15 Wis., 241, and *Hackett v. Bonnell*, 16 id., 417. Whether or not the examination of either witness could be restricted at all, is a question not raised by the form of the objection, though it is discussed by counsel on both sides in their briefs. But, as the question is not before us, we express no opinion upon it.

Testimony was admitted, against the defendant's objection, to show a dislocation or injury to *Mrs. Holmes'* hip by the accident; also to show an injury to her bowels, abdomen and uterus. It is claimed that this evidence was inadmissible under the complaint. The complaint alleges that *Mrs. Holmes*, while traveling on the sidewalk in the exercise of due care,

stepped into a hole in the walk, " and was thrown forward on to her side and face on said sidewalk, whereby she received great bodily injury, and was severely bruised on her leg and thigh, and had her thigh dislocated, and whereby she received great and cruel injury to her bowels and on her abdomen, and was much sick, sore, lame and disabled," etc. This allegation was broad enough to allow the admission of the testimony offered to prove the injuries above referred to. As we understand the evidence, it tended directly to prove that these injuries resulted from the fall and were the natural consequences of the accident. There was no error in admitting it.

The exceptions taken to the charge of the court, and to the refusal to give the instruction asked, require but a word of comment. The request which was refused was to the effect that the jury might infer contributory negligence on the part of *Mrs. Holmes*, from the fact that she passed directly by the hole in the walk a short time before she stepped into it. *Mrs. Holmes*, however, testifies that there was a board thrown over the hole, which would prevent her seeing it, and the jury might have believed that this was the case. All the circumstances attending the accident were submitted to the jury under a proper charge on the question of contributory negligence. This is all the city had the right to require.

In respect to the womb difficulty spoken of in the testimony, the court charged that it must be traceable, directly or indirectly, to the injury; that is, the court added, in substance, it must have followed as a consequence, a natural and legitimate effect, of the injury; otherwise there could be no recovery for it. We see no objection to the charge on this point. This disposes of the material questions arising upon the charge.

*By the Court.* — The judgment of the circuit court is affirmed.