LYNN v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY, *Appellant.*

Railroad : ACTION FOR KILLING CATTLE : PLEADING : JUSTICE'S COURT. It is allowable in an action begun before a justice of the peace against a railroad company for killing cattle at a public crossing, to unite in one statement an allegation of failure to perform the statutory duty of ringing the bell and sounding the whistle, and an allegation of neglect in running the train ; and plaintiff may recover upon proof of either or both, accompanied by evidence that the injury was due to defendant's default.

*Appeal from Daviess Circuit Court.*—HON. S. A. RICHARDSON, Judge.

AFFIRMED.

This was an action begun before a justice of the peace. The statement set forth that on the 10th day of October, 1877, while plaintiff was, with due care and caution, driving a drove of cattle across defendant's railroad, where a public highway crosses said railroad, the defendant then and there carelessly and negligently, by failing to ring its bell

and blow the whistle, as required by section 38, chapter 37, Wagner's Statutes, and by otherwise negligently running and conducting its train of cars over its said road, did run over, upon and against the cattle of plaintiff and injured and killed one steer, of the value of $20, etc. At the trial plaintiff offered evidence tending to show that he was in the act of driving a herd of cattle across defendant's track at a public crossing when he discovered a freight train approaching at high speed and not more than fifty to seventy-five yards away; that he tried to drive his cattle from the track, but before he could do so the train was upon him, and killed the steer and some other cattle; that the engineer and fireman saw the cattle on the track when the train was more than a quarter of a mile off, but did not slacken speed, blow the whistle, ring the bell or take any other precaution to avoid the collision. Defendant, on its part, gave evidence tending to show that plaintiff's cattle had crossed the track in safety, and when the train was within fifty yards of the crossing some of them ran back and attempted to re-cross, and were killed in the attempt; that the train could not have been stopped in time to avoid the collision; that the bell was rung and the whistle blown in proper time, and that plaintiff was guilty of negligence in failing to keep a lookout for the train, the crossing being a peculiarly dangerous one.

On the part of the plaintiff the court instructed the jury as follows: 1. If the jury believe from the evidence that the killing and crippling of plaintiff's cattle was done by defendant's locomotive and cars, on the crossing of a public traveled road, and that the whistle was not sounded at least eighty rods from said road and sounded at intervals until such train crossed said railroad; and they further believe from the evidence, and all the facts and circumstances in the case, that said killing and crippling of plaintiff's cattle resulted from the neglect to sound the whistle or ring the bell, they must find for plaintiff, unless the jury

should further find that plaintiff, by his own negligence, directly contributed to the injury.

2.  If the jury believe from the evidence that by the negligence and carelessness of the defendant, or its employes in the operation of its locomotive and train over its said road, plaintiff's cattle were run over and killed, they will find for plaintiff, unless they believe from the evidence that plaintiff directly contributed, by his own negligence, to the injury done.

For the defendant the court gave the following instructions:  3. The plaintiff cannot recover in this case if the jury find from the evidence that any negligence on the part of plaintiff directly or materially contributed to the injury of his cattle.

4.  Although the jury may believe that the bell was not rung or whistle sounded in time, yet the plaintiff cannot, on that account, recover unless the jury believe from a preponderance of the evidence that the cattle were struck and injured by reason of such failure to ring the bell or sound the whistle.

The court refused an instruction to the effect that on the pleadings and evidence plaintiff was not entitled to recover.

*Shanklin, Low & McDougal* for appellant.

*Wm. D. Hamilton* for respondent.

SHERWOOD, C. J.—Plaintiff's statement charges such facts as entitle him to recover under section 38, page 310, 1 Wagner's Statutes, that is, for failure by defendant to ring its bell and blow its whistle as in said section provided. The statement also alleges, in substance, that in consequence of such failure and in consequence, also, of the negligent running of the defendant's train of cars, the cattle of plaintiff were killed, etc.   There was evidence tending to show that defendant failed to comply with its statutory duty as aforesaid, and was also guilty otherwise of

negligence resulting in the injury complained of. There was, therefore, no error in refusing the instruction in the nature of a demurrer to the evidence. Nor for the same reason, was error committed in embracing in the instructions given at plaintiff's request, both the grounds on which he relied for a recovery, since both those grounds constituted but one cause of action, that cause of action being the killing of plaintiff's cattle, and the statement setting forth, as the means by which that injurious result was brought about, the failure of the defendant in its statutory duty and its negligence in other particulars. And it is allowable for a plaintiff in an action before a justice of the peace to set forth his cause of action in one connected statement, as is done in the present instance. This may be done to meet the exigencies of the trial. If on the trial, he proves, for instance, that the injury complained of arose from the failure of the company to ring the bell and blow the whistle, he makes out his case. If he proves that the injury was caused by the negligence of the company in running its cars, he also succeeds; and he is entitled to the same measure of success, if he establishes that the injury was the compound result of negligence and failure in the performance of a statutory duty.

So far as concerns the instructions, those given on behalf of plaintiff, and those given on behalf of defendant, placed the cause very fairly before the jury, and left the defendant no valid ground of complaint. Therefore, judgment affirmed. All concur.