JOHN KEATING *vs.* OZNI C. BROWN.

November 10, 1882.

30   9
72  341

**Complaint for Negligence held Sufficiently Specific.**—The complaint alleged that "the defendant, by himself and his servants, negligently, carelessly, and intentionally set fire to and burned a stack of straw in the vicinity" of plaintiff's premises, "and so negligently and carelessly watched and tended said fire that * * * it came into plaintiff's said premises and consumed his hay." Objection was made to the admission of any evidence, for the reason that the complaint did not state a cause of action. *Held*, that as against this objection the complaint was sufficient, although it did not state the specific acts constituting the alleged negligence.

**Recalling a Witness.**—It is within the discretion of the court to permit a witness to be recalled and re-examined after he has been once examined and dismissed.

Plaintiff brought this action in the district court for Mower county, to recover the value of hay which had belonged to him and was stacked on his farm, and which was destroyed by a fire started on defendant's premises. At the trial before *Farmer*, J., and a jury, the plaintiff had a verdict, a new trial was refused, and the defendant appealed.

*Sherman Page* and *George W. Hall*, for appellant.

*D. B. Johnson, Jr.*, and *J. M. Greenman*, for respondent.

MITCHELL, J. This was an action for damages alleged to have been caused by the negligence of defendant. The allegations of the complaint as to the alleged negligence are as follows: "That the defendant, by himself and his servants, negligently, carelessly, and intentionally set fire to and burned a stack of straw in the vicinity" of plaintiff's premises, "and so negligently and carelessly watched and tended said fire that * * * it came into plaintiff's said premises and consumed his hay." Upon the trial defendant objected to the introduction of any evidence, upon the ground that the complaint did not state a cause of action, because it did not set out specifically the facts constituting negligence. The objection was properly over-

ruled.   As against such an objection, or upon demurrer, a pleading is good if it alleges that the act was done negligently, although it does not state the specific acts or facts constituting such negligence. *Clark* v. *Chicago, Mil. & St. Paul Ry. Co.*, 28 Minn. 69.

During the trial plaintiff had introduced evidence tending to prove that the fire was set in the month of October, upon land occupied by defendant, by defendant's son, while engaged in plowing it. ' The plaintiff was then permitted to show, under defendant's objection, that this land was sown and cropped by defendant the following season. We think this evidence was competent as tending to prove that the son, in burning the straw and plowing the ground, and thus preparing it for cultivation, was the servant of defendant, and acting within the scope of his employment.

The defendant's motion for a nonsuit, when plaintiff rested, was properly denied.   The evidence reasonably tended to prove that the fire was set by defendant's servant while acting within the scope of his employment, and with the consent, if not under the express instructions, of defendant; also that it was done negligently, and without proper precautions to prevent its spreading upon the premises of others.

While upon the stand as a witness, Harry Brown, defendant's son, denied that his father had ever instructed him to set the fire.   After he had been examined and dismissed from the witness stand, the court permitted plaintiff to recall him and ask him if he had not, at a certain time and place, stated in substance that his father had told him to set the fire.   This was for the purpose of laying the foundation for impeaching the witness.   In his argument counsel makes no point as to the right of plaintiff to impeach the witness regarding this subject-matter; hence we need not consider that question.   The point which he makes is that it was an abuse of discretion on the part of the court to permit the witness to be *recalled* for that purpose. There is clearly nothing in this point.   It has been repeatedly held that this matter of recalling a witness, after being once examined, cross-examined, and dismissed, is almost wholly within the discretion of the trial court.   Defendant insists, however, that the evidence of the former statements of the witness, even if admissible for the pur-

poses of impeachment, should have been limited to that purpose, and was not competent as original evidence against the defendant. But the answer to this is that if competent for any purpose, the evidence was properly admitted; and if defendant thought that it was liable to be considered by the jury for any purpose for which it was not competent, he should have requested the court to instruct the jury specifically upon the subject.

One or two other points are made by appellant upon the argument, but it is not necessary to refer to them further than to say that we have examined them and find no error in the action of the court below.

Order affirmed.