FRED LAMMERS, Respondent, v. WHITE SEWING MA-
CHINE COMPANY, Appellant.

**Kansas City Court of Appeals, January 10, 1887.**

ALTERATION — EFFECT OF— RATIFICATION —Where in the case of a
written order, a blank space was filled by the payee, after its ac-
ceptance and without the knowledge or consent of the acceptor,
but with the knowledge of plaintiff, this was such an alteration as
rendered the acceptance void, unless, with knowledge thereof, it
was *afterwards* ratified. Evidence to the fact of ratification is for
the jury,

APPEAL from Jackson Circuit Court, HON. TURNER
A. GILL, Judge.

*Affirmed.*

The case is stated in the opinion.

SCAMMON & STUBENRAUCH, for appellant.

I.   The court erred in not sustaining the demurrer
to the evidence.   It appeared that an alteration was made
in the order after its acceptance by the company, at
plaintiff's suggestion, and there was no evidence of the
knowledge of it by the company until after suit brought,
or that the company ratified it.   This made the order a
nullity and no recovery could be had on it.   *Haskell v.
Champion*, 31 Mo. 136 ; *Evans v. Foreman*, 60 Mo. 449 ;
*Moore v. Hutchinson*, 69 Mo. 429 ; *First Nat. Bk. of
Springfield v. Fricke*, 75 Mo. 170 ; *Hord v. Laubman*,
79 Mo. 101.

II.   In order to show *ratification* it must be made
to appear that there was full knowledge of the altera-
tion, and a manifest intent to ratify it.   *Cutler v.
Rose*, 35 Iowa, 456 ; *Evans v. Foreman, supra.*

III. The order itself was made on a particular fund, and there was no evidence showing that the fund had been realized upon ; hence there could be no recovery. *Pettis Co. v. Kingsbury*, 17 Mo. 479; *Ford v. Angelrodt*, 37 Mo. 50.

IV. The order being shown to have been altered without the acceptor's consent, and not afterwards ratified, the same was incompetent, as evidence. 1 Greenl. Evid. [8 Ed.] sect. 564; *Whitmer v. Frye*, 10 Mo. 348.

V. The evidence of what the drawers of the order made, except in February, which was the only month connected with the order, should not have been admitted.

VI. The jury utterly disregarded the second instruction by the court. The court should have set aside the verdict, because it was against the evidence.

JEWELL & THOMPSON, for the respondent.

I. An immaterial alteration does not affect the validity of a written instrument. The alteration must be *material* to affect the instrument, and all the cases cited by defendant were such as were *held* to be material. The remarks of the court in the case of *Springfield Bank* and the *Hord case* must be considered mere *obiter dicta*. *Briggs v. Glenn*, 7 Mo. 572; *Ivory v. Michael*, 33 Mo. 398; *Trigg v. Taylor*, 27 Mo. 245; *Britten v. Dieskee*, 46 Mo. 591; *Presbury v. Michael*, 33 Mo. 542; *Owings v. Arnot*, 33 Mo. 406; *Am. Nat. Bk. v. Bangs*, 42 Mo. 450; *Wash. Sav. Bk. v. Ecky*, 51 Mo. 272; s. c., 7 Mo. App. 283.

II. No instrument is rendered void by an alteration which does not vary or affect the meaning. The insertion in this case making "the month of February " to read the "the month of February 1st," is wholly meaningless. No effect or meaning can be given the word "1st" in this connection, and in construing the order it must simply be rejected as surplusage. 7 Mo. App. 283.

III.   The jury, under the instructions, either found that no alteration was made at request of plaintiff, or that it had been ratified by defendant.

IV.   There was evidence showing that there were funds such as designated in the order.   The promise to pay it was an admission of funds.

ELLISON, J.—This suit was originally brought in justice's court, where the plaintiff below, the appellee here, had judgment.

An appeal was taken to the circuit court, where judgment upon the verdict of the jury, again went for the plaintiff.

The suit was upon the following order:

"KANSAS CITY, Jan. 9, 1884.

"J. G. CROMPTON, Agent White Sewing Machine Co.

"Please pay to Lamars & Howe, thirty dollars out of our commission account for the month of February 1, 1884.

"ROBINSON & DANIELS."

This order was endorsed across the face as follows: "Accepted.   J. G. Crompton, Manager Retail Dept."

The evidence showed that, "1st" was interlined in the above order, after the word February, without the knowledge or consent of Crompton, who had accepted it, but with the knowledge of plaintiff.

This was such an alteration as rendered the acceptance void, unless, with knowledge thereof, it was afterwards ratified. *Haskell v. Champion*, 31 Mo. 136; *Evans v. Foreman*, 60 Mo. 449; *Moore v. Hutchinson*, 69 Mo. 429; *First Nat. Bk. v. Fricke*, 75 Mo. 170; *Hord v. Laubman*, 79 Mo. 101.

The trial court gave an instruction embodying this rule of law, but defendant claims there was no evidence tending to show a ratification, and, therefore, the

demurrer to the testimony should have been granted. The only evidence of ratification was that plaintiff presented the order to Crompton for payment; that Crompton "took it and looked at it, and said it was all right." That he presented it twice afterwards, Crompton excusing himself from payment by saying his book-keeper had not caught up. And that afterwards Crompton paid five dollars on the order. The witness stated he did not call attention to the alteration, and could not swear that Crompton saw it. Crompton himself testified that he did not notice the alteration. I am of the opinion this was evidence sufficient to go to the jury, for their judgment on the issue of fact it makes up, and they having found for plaintiff, we will not disturb the result. The other points made against the judgment are not sufficient to justify us in its disturbance, and we, therefore, order its affirmance. All concur.