## AGNEW v BROOKLYN CITY RAILROAD CO.

*Brooklyn City Court, General Term,* 1887.

*Pleading negligence.*] An allegation that defendants' servant, driving their horse-car at a time and place specified, so negligently and carelessly managed his team, that the horse knocked her down and injured her leg, is sufficiently definite and certain. To state more information would be to plead evidence.*

Appeal from an order

*Morris & Pearsall,* for defendants, appellant.

*Charles J. Patterson,* for plaintiff, respondent

BY THE COURT.†—VAN WYCK, J.—This is an appeal from an order denying a motion to have the complaint made more definite and certain.

The plaintiff, a child of five years, alleges that while she was in the act of crossing Sackett Street, on the cross-walk, the driver of a one-horse street car so negligently and

---

* See note on Allegation and Proof of Negligence at p. 236 of this vol.

In Dazal v. Haaren, *N. Y. Daily Reg.,* Nov. 11, 1887 (New York City Court, Special Term, NEHRBAS, J.), it was held that a defendant pleading contributory negligence should not be compelled to deliver a bill of particulars thereof.

NEHRBAS, J.—The gravamen of the action is negligence. To entitle the plaintiff to go to the jury, he must prove that he was not guilty of contributory negligence. The answer sets up contributory negligence on the part of plaintiff, and the latter now moves to compel the defendant to serve a bill of particulars as to such contributory negligence to avoid a possible surprise on the trial. This should not, in my opinion, be granted. No precedent has gone that length; on the contrary, orders for the examination of a party to inquire into his case have been repeatedly set aside.

As this is a re-argument of a similar motion, previously made, the motion will be denied, with $10 costs.

† Present, VAN WYCK and CLEMENT, JJ.

carelessly managed his team, that the horse knocked her down, and injured her leg.

This is certainly a plain and concise statement of the facts constituting her cause of action, as required by Code Civil Pro. § 481. The defendant insists that under section 546 the court should compel her to state what act of commission or omission of the driver was negligent. The meaning and application of the allegation are definite and certain ; it distinctly states negligence in the management and control of the team, viz.: That the driver brought his horse in contact with this plaintiff when, by the exercise of ordinary care, he could have prevented it. Plaintiff could not furnish in her pleadings more information in relation to the fact thus set forth, unless she pleaded the evidence by which she expects to prove this fact. This is never desirable ; the form of this complaint is to be commended.

If the defendants make out a case in which they are entitled to the evidence, or parts of it, they ought to appeal to the provisions of the Code, allowing the examination of a party before trial, or compelling the party to furnish a bill of particulars [§§ 531, 870].

We see no reason for disturbing the discretion of the court below exercised in denying the motion of defendant (Reardon v. N. Y. C. Co., 50 *N. Y. Super. Ct.* [*J. & S.*] 514).

The order should be affirmed, with $10 costs and disbursements.

---

NOTE ON ALLEGATION AND PROOF OF NEGLIGENCE.

The question of the admissibility of evidence of negligence, and of injuries sustained thereby, is so frequently raised upon the trial that the following summary of recent cases, in connection with those in the text, will be of frequent use to the practitioner.

Oldfield v. N. Y. & Harlem R. R. Co., 14 *N. Y.* 310; aff'g. 3 *E. D. Smith*, 103 (1854). In an action for damages caused by the defendant's negligence, a general averment of negligence is sufficient to admit proof of special circumstances constituting it. This was an action brought by an administrator of a child who had been run over and killed by the

defendant's car. The complaint averred that the death was caused by the negligence and default of the defendant and their servants—*Held*, under such an allegation, that it was competent to show that the injury was caused by the default of the defendants themselves in providing an unsuitable vehicle, or from misconduct of their driver, or a combination of these causes. Judgment affirmed.

Edgerton *v.* N. Y. & Harlem R. R. Co., 39 *N. Y.* 227; aff'g 35 *Barb.* 389. In an action to recover damage for injuries sustained by negligence, if the complaint contains a general averment that the injuries were received from the negligence of the defendants and their employees, it is immaterial whether the proof establishes the particular negligence specified in the complaint, if negligence be shown.

Keating *v.* Brown, 30 *Minn.* 9. The complaint alleged "that the defendant by himself and his servants negligently, carelessly and intentionally set fire to and burned a stack of straw in the vicinity" of the plaintiff's premises, "and so negligently and carelessly watched and tended said fire, that . . . it came into the plaintiff's premises and consumed his hay." *Held*, not error to overrule objection to the introduction of any evidence upon the ground that the complaint did not state a cause of action because it did not set out specifically the facts constituting negligence. As against such objection, or upon demurrer, a pleading is good if it alleges that the act was done negligently, although it does not state specific acts constituting negligence.

Mack *v.* St. L., Kan. City & Mo. Ry. Co., 77 *Mo.* 232 (1883). It is not necessary to plead facts constituting negligence complained of; a general averment of negligence is sufficient. It will suffice to specify the act causing the injury, and to allege generally that it was negligently and carelessly done. Where the complaint alleges that the defendant negligently killed the plaintiff's horse, and the complaint is not objected to before trial, it is sufficient to authorize the proof of any act whatever of the defendant's servants which caused the killing or contributed thereto, and that there was consequently no error in admitting testimony as to the piling of ties by defendant's servants in the highway, near the track where the defendant's horse was killed.

South & North Ala. R. R. Co. *v.* Thompson, 62 *Ala.* 494. Under a general averment that the injury complained of, was the result of the negligence or want of skill of the defendant's employees in the management and running of the train, *held* proper to receive evidence tending to show that there was an insufficient number of men to manage and control the train. It is not necessary under the Ala. Code to plead particular facts and circumstances tending to prove the claim. Refusal to charge the jury to disregard such evidence, no error.

Schneider *v.* Mo. Pac. Ry. Co., 75 *Mo.* 295 (1882). Under a

general averment that the defendant by its locomotives negligently killed the plaintiff's animals,—*Held*, not error to allow plaintiff to introduce evidence that the animals were killed at a public crossing, and that neither the whistle or bell of the locomotive was blown or rung as required by statute.

Otto *v.* St. L., I., M. & S. Ry. Co., 12 *Mo. App.* 168. Where the petition alleged that defendant ran a train over a public highway, without ringing the bell, and at a greater speed than six miles an hour ; and also alleged generally that the act by which the plaintiff was injured was negligent, careless and unlawful,—*Held*, that the plaintiff was not thereby confined to the recovery for injuries caused by the failure to ring the bell, or by running unlawfully at a greater speed than six miles an hour over a public highway; but that plaintiff could recover upon the general allegation of negligence. Distinguishing Waldhier *v.* R. R. Co., 71 *Mo.* 514; Price *v.* St. L. & C. R. R. Co., 72 *Mo.* 414. Judgment affirmed.

Faber *v.* St. Paul, &c. Ry. Co., 29 *Minn.* 465 (1882). In an action to recover for injuries caused by collision with defendant's train at a street crossing, *held*, not error to admit evidence that the rate of speed at which the train was run was prohibited by the municipal law; this goes to prove negligence, and, being evidence of the fact pleaded, it might be proved although the existence of the ordinance had not been alleged in the complaint.

Lucas *v.* Wattles, 49 *Mich.* 380. Where the complaint alleges to that the defendant lighted fires, and so negligently kept them that they extended to the plaintiff's land and destroyed his buildings,—*Held*, no error to allow plaintiff to show that the defendant's premises were in a combustible condition by reason of dry grass, brush, etc., although such facts had not been alleged in the declaration. Where the plaintiff properly avers negligence, it is not necessary that he should set out facts which go to establish it. Admission of evidence no error. Dist'g. Marq., H. & Ont. R. R. Co. *v.* Marcott, 41 *Mich.* 433.

Goodwin *v.* Hersom, 65 *Me.* 223 (1875). In an action against a surgeon for negligence ensuing from the want of ordinary skill in treating an injury, *held*, not error to charge the jury to disregard all evidence tending to show that the defendant assured the plaintiff that he possessed and would exercise extraordinary skill. The plaintiff must recover, if at all, in accordance as well with his allegations as with his proof.

House *v.* Metcalf, 27 *Conn.* 631 (1858). Action for damages in maintaining a nuisance. The defendant maintained a large over-shot mill wheel, in proximity to a highway, whereby the plaintiff's horse was frightened. The declaration alleged that the plaintiff was riding in *a buggy* and that *his horse ran* and fell, and by that means he fell out.

*Held*, that there was no legal variance where the proof showed that the plaintiff was riding in *a sulky and the horse became frightened, and the sulky was overturned* and he was thrown out. Nor was there a variance because it was alleged that the mill was within the highway, and proof showed that it was beyond the highway. A variance is a disagreement between the allegations and the proof in some matter which in point of law is essential to the charge or claim. Judge's refusal to charge that there was a variance no error. Judgment affirmed.

Toledo, &c. Ry. Co. *v.* Foss, 88 *Ill.* 551. The plaintiff, a passenger on the railroad of defendant, averred in his declaration that the defendant negligently and carelessly ran the train on which he was passenger, violently against and upon a horse, by means whereof the train was thrown from the track, and plaintiff injured. On the trial the plaintiff was permitted to prove that the railroad track was not properly fenced; that the gate was down, so that the animals could go upon the road ; and that the train was not provided with steam brakes. *Held*, reversible error. The allegations and proof must correspond. The plaintiff could not aver negligence in one particular and on trial prove the defendant was negligent in another regard.

Waldhier *v.* Hannibal & St. J. R. R. Co., 71 *Mo* 514 (1880). Where a petition alleged that defendant was negligent " in having and using defective machinery," and, " in running and managing its railroad cars,"—*held*, error to instruct, in effect, that plaintiff could recover upon evidence tending to prove that there was a broken frog at the place where the defendant was thrown from the track. The negligence charged was confined to the running of the train; recovery could not, therefore, be had because the track was defective.

Buffington *v.* Atl. & Pac. R. R. Co., 64 *Mo.* 246 (1876). Where the plaintiff alleges that a defect in construction of the engine caused the injury, he cannot recover if the injury was caused by a defect in the track. Judge's refusal to so charge error. Judgment reversed.

Marquette, H. & O. R. R. Co. *v.* Marcott, 41 *Mich.* 433 (1879). Under a declaration charging that the injury was occasioned by running a train at a high rate of speed, in violation of statute, and by not giving signals required by statute,—*Held*, recovery could not be had for any other reason, or because by reason of the presence of strangers in the cab of the locomotive, the engineer failed to keep a proper lookout. Judge's charge erroneous. Judgment reversed.

Batterson *v.* Chicago & G. T. Ry. Co., 49 *Mich.* 184 (1882). The declaration alleged negligent injury of plaintiff, a servant of defendant, while uncoupling a car, occasioned by a deep hole between the rails of the main track. The evidence showed the place of the accident to have been on an unballasted side track. *Held*, when the various elements

are taken together, and especially when it is considered how rights and duties may turn on whether the alleged conditions of injury are referred to the main track or side track, the conclusion is unavoidable; the variance is fatal. Judgment reversed.

Price v. St. Louis, Kansas City & Nor. Ry. Co., 72 *Mo.* 414. Where the plaintiff, in his petition, sought to recover, because, while a passenger on the defendant's train, the train did not stop a sufficient length of time to allow him safely to alight,—*Held*, error to give instructions allowing him to recover on proof that the injuries for which he sued were sustained by reason of the company's failure to keep the platform lighted.

Edens v. Hannibal & St. J. R. R. Co., 72 *Mo.* 212. Under a petition alleging that the defendant was guilty of negligence in running the car or cars which collided with the plaintiff, and ran over him,—*Held*, reversible error to submit to the jury the question of the defendant's negligence in having a defective sand-box on the engine, and keeping a defective frog on the tracks.

Long v. Doxey, 50 *Ind.* 385 (1875). In an action to recover for death of a minor son, caused by the explosion of a boiler, the complaint alleged that the explosion was occasioned by the defect of the boiler. *Held*, that it was not error to charge the jury that they had nothing to do with the question whether the explosion was caused by the negligence of the engineer. The plaintiff must recover according to the allegations and proofs, and not according to either alone. Judgment reversed on other grounds.

Holt v. Penobscot, 56 *Me.* 15 (1868). In an action against a town for injury caused by a defect in the highway, the declaration alleged that the defect was occasioned by reason of an insufficient and defective causeway— said causeway being broken down near the end—thereby obstructing the flow of the water, causing a large quantity of ice to accumulate on or near the causeway, and causing the earth to be gullied out, etc. The proof showed that the accumulation of ice was caused by a defective culvert. *Held*, that it was not error for the court to charge the jury that the plaintiff was bound to prove his essential allegations, and that these were that the way was unsafe and inconvenient, and made so by a defective and insufficient causeway, but that he was not confined to proof that the obstruction was caused by the breaking down of the causeway. Judgment affirmed.

Barnes v. Town of Newton, 46 *Iowa*, 567. In action against a town for injuries caused by a defective sidewalk, an allegation that the sidewalk was constructed by the order of the town, is supported by proof that the work was done by a citizen. It was a fair presumption that it was done by the permission of the city. Refusal of the court to in-

struct the jury that the plaintiff must prove the sidewalk to have been constructed by the defendant, no error.

Union Pac. Ry. Co. v. Young, 8 *Kan.* 658 (1871). In an action by an employee against his employer for negligence of a co-employee,— *Held*, the petitioner, alleging continuance in service after knowledge of unfitness, could not be supported by proof that the co-servant was employed without reasonable inquiry as to his fitness. Such proof is entirely a distinct issue from the allegation. Judgment reversed for error in so charging (short case).

Troughear Adm'r v. The Lower Vein Coal Co., 62 *Iowa*, 576 (1883). In an action by an administrator to recover for the death of deceased, against an employer, on the ground that the mine, where the deceased worked, was in an unsafe condition,—*Held*, error to allow recovery on the ground that the deceased co-servants were negligently employed by the defendant, for the pleadings raised no such issue.

Lyons v. N. Y. Cent., etc., R. R. Co., 39 *Hun*, 385. Under a complaint in an action for negligence, charging the defendant with the employment of "unskillful, incompetent, and improper servants," evidence that defendant's servant was intoxicated on the day of the injury, and was addicted to intoxication, is admissible.

Lynn v. Chic. R. I. & Pac. R. R. Co., 75 *Mo.* 167. The plaintiff sought to recover, both for the statutory failure of defendant's locomotive to ring its bell and blow its whistle, and also for the negligent running of the defendant's train, whereby cattle of the plaintiff were killed. *Held*, no error to refuse instructions in the nature of a demurrer to the evidence. The plaintiff is entitled to recover if he proved the non-performance of the statutory duty alone, or the negligent running of the train alone, or that the injury resulted from a compound of both wrongful acts.

The Pennsylvania Co. v. Krick, 47 *Ind.* 368 (1874). Where the complaint charged that the defendant's train negligently omitted to give required signals in time, and that the plaintiff was unable to see the approaching train by reason of buildings, etc., which the defendant permitted to be placed on its lands. It was insisted that the complaint only charged ordinary negligence, and a verdict founded on evidence showing gross negligence was void. *Held*, the allegations of the complaint was broad enough to permit proof of all degrees of negligence, if any degrees exist. Negligence must be charged in the complaint, but it is the province of evidence to show in what it consists. Judgment affirmed.

The Ind., Bloomington & Western Ry. Co. v. Burdge, 94 *Ind.* 46. Where the injury is charged as being the result of an act of defendant's servant, performed in a willful, reckless, careless, and unlawful man-

ner—*Held*, reversible error to allow recovery without proof of "willful" injury.

Claxton's Adm'r *v.* Lexington & Big Sandy R. R. Co., 13 *Bush* (*Ky.*), 636. Where under a statute (*Ky. Gen. Stat.* 57, §§ 1, 3) the plaintiff seeks to recover punitive damages for willful neglect, he may nevertheless on the proof of culpable negligence recover compensatory damages. Allegations of willful neglect include all inferior degrees of negligence under the statute. Court erred in taking the case from the jury. Judgment reversed.

C. B. & Q. R. R. Co. *v.* Dickson, 88 *Ill.* 431 (1878). Where the declaration alleges that the defendant's servants caused a whistle of a locomotive to be sounded needlessly and recklessly, willfully, wantonly and maliciously,—*Held*, that no recovery could be had for mere negligence, but the proof must show the sounding of the whistle in the manner charged.

Taylor *v.* Holman, 45 *Mo.* 371 (1870). Where the plaintiff alleges that the injury to his mill was caused by the willful negligence of the defendant, the allegation that the act was willful is a mere surplusage; and it is error for the court to instruct the jury that they should find for the defendant, unless they believed that the plaintiff's mill was injured by "willful negligence" of the defendant. Judgment reversed.

McCord *v.* High, 24 *Iowa*, 336 (1868). If the defendant is liable for negligent and careless acts, recovery may be had against him upon a petition charging the acts to have been willful and malicious, without proof of malice. Judgment reversed, for error in contrary instructions.

Ehrgott *v.* Mayor, etc., of N. Y., 96 *N. Y.* 264, rev'g 66 *How. Pr.* 161. In an action for negligence, allegations in the complaint that plaintiff suffered great bodily injury; that he became and still continues to be sick, sore and disabled; that he was obliged to spend large sums in attempting to cure himself, and was prevented for a long time from attending to business, and he was otherwise injured to his damage $25,000, are sufficient to authorize proof of any bodily injury resulting from the accident. If the defendant desired that the complaint should be more definite, a motion to have it made more specific or for a bill of particulars should be made.

Delie *v.* Chic. & Northw. Ry. Co., 51 *Wis.* 400 (1881). Under an allegation in the complaint that the plaintiff was severely burned, maimed and permanently injured, it was objected that evidence could not be offered to show that the plaintiff's spinal cord was injured, and urinal difficulties resulted from his injuries, etc., because such injuries had not been alleged in the complaint. *Held*, the evidence was properly received, and that under a general allegation of injury, the plaintiff may show *all* the injuries resulting to his person by reason of the ac-

cident. If defendant desired to have the allegations more definite, he should have made a motion to that effect. Judgment affirmed.

Eagle Packet Co. v. Defries, 94 *Ill.* 598. The declaration expressly alleged that the plaintiff by reason of the injuries inflicted, "then and there became, and was sick, lame and disordered, and so remained for a long time to wit: hitherto," etc. *Held*, that under such a pleading the plaintiff was entitled to recover for permanent injury, and not error to instruct the jury so. Judgment affirmed.

Joslin v. Grand Rapids Ice Co., 50 *Mich.* 516. Holding under a general allegation of injury, it was incompetent for the plaintiff to show that he was a lawyer, and the damage occasioned by his being prevented from attending to his legal business and his own estate. If a defendant intends to recover damages for injury in a particular employment it should be so alleged. Judgment set aside.

Holmes v. Fond Du Lac, 42 *Wis.* 282. Where the complaint alleged injury to bowels and abdomen, it is not error to receive evidence of injury to the uterus. Judgment affirmed.

Cabot v. McKane, 1 *N. Y. State Rep.* 495. In an action for damages for personal injuries, proof of the amount of wages plaintiff was receiving at the time of the injury is competent, under a general averment of damages, although there be no allegation that the plaintiff sustained loss from inability to pursue his ordinary vocation.