Oliver W. Hicks, Plaintiff, *v.* John Serano, Defendant.

(County Court, Nassau County, November, 1911.)

Negligence — Actions — Right of action, defenses and pleading — Complaint — Allegations of negligence in general.

An allegation that defendant so carelessly and negligently managed, operated or controlled his automobile that the same was violently propelled against plaintiff's auto-car, whereby the latter was severely damaged, states the act committed and that it was done negligently, and is sufficient without a statement in what particular the defendant was careless in the management of his car, as, for instance, whether he drove too fast or too close to the defendant's car or swerved.

Motion for judgment on the pleadings under section 547 of the Code of Civil Procedure.

Uterhart & Graham (James N. Gehrig, of counsel), for motion.

John Patrick O'Brien (Frederick E. Fishel, of counsel), opposed.

Niemann, J. The plaintiff alleges in his complaint: "That heretofore and on or about the 18th day of August, 1911, at about four o'clock in the afternoon, while plaintiff in the exercise of due care was proceeding southwardly in an auto-car belonging to plaintiff upon the highway leading from Westbury to Roslyn in Nassau County, State of New York, said defendant so carelessly and negligently managed, operated or controlled his said automobile, that the same was violently propelled against plaintiff's said auto-car, which was then and there being operated along said highway as aforesaid, whereby said auto-car was severely damaged," etc. The defendant contends that the foregoing allegation does not state any actionable negligence on the part of the defendant, the precise ground of challenge being that said allegation does not state a specific act of the defendant.

In the case of Pagnillo v. Mack Pav. & Constr. Co. (142 App. Div. 491), the court held that the complaint was insufficient because it merely alleged in substance that plaintiff's intestate, a servant of the defendant, was killed by the negligence of the master and the authorized superintendent in charge of the work.    Thomas, J., in discussing said complaint, asks: " What was the omitted act that should have been done, or the culpable act that was done? "    The learned judge then cites and considers the case of Oldfield v. N. Y. & Harlem R. R. Co. (14 N. Y. 310) as the case which makes clear the distinction between a complaint " bare of facts " and one which contains a statement of an omission or an act upon which a charge of negligence may be predicated.

In the Oldfield case, as appears from the report in 3 E. D. Smith, 103, 104, the complaint alleges: " That on the said ninth day of May, 1849, the said Hetty Downie, since deceased, was passing along and across a certain public street or highway in the city of New York, called Centre street, on her lawful affairs and business, and that a certain car, called a railroad car, drawn by four horses, the same being the property of the said defendants, driven by a servant and agent of the defendants, was wrongfully, negligently, and carelessly driven against and over the said Hetty Downie in her lifetime, whereby the said Hetty Downie was knocked down and crushed and mangled by. the said horses and car, then being· the property of the said defendants, and in their service, so that she died on the same day.    And so the plaintiff says, that the said defendants, on the day last aforesaid, at the city of New York aforesaid, by the wrongful act, negligence, and default of themselves. and their agents and servants, ran over and crushed and mangled the said Hetty Downie, and caused her death."

The allegation of negligence in the complaint in this action, which is challenged for insufficiency, is as full and complete as to the charge of negligence, in its essential elements, as is the complaint in the Oldfield case.

In the Oldfield case the allegation was, in substance, that the defendants negligently and carelessly drove against and over the plaintiff's intestate as she was passing along and

County Court, Nassau County, November, 1911.  [Vol. 74.

across a public highway. In the case at bar the allegation is, in substance, that the defendant so negligently and carelessly managed, operated, or controlled his automobile that the same was violently propelled against plaintiff's autocar, which was then and there being operated along the highway.

It is a settled rule of pleading in negligence cases that the complaint must charge or indicate some negligent act or omission causing the injury. Colob v. Pasinsky, 178 N. Y. 458; Pagnillo v. Mack Pav. & Constr. Co., *supra;* People v. Equitable Life Assurance Society, 124 App. Div. 714; Frank v. Mandel, 76 id. 413; Fahr v. Manhattan R. Co., 9 Misc. Rep. 57. The defendant is entitled to have stated in the complaint in what respect he was negligent. If this complaint merely stated that the plaintiff's auto-car was damaged by reason of the defendant's negligence, it would be bad, because it would be bare of averment of any act committed or omitted by which the injury was caused. It would not show in what respect the defendant was negligent; but, when it is stated in the complaint, as is here the case, that the plaintiff was injured through the negligent act of the defendant, in negligently managing and operating his automobile whereby and by reason whereof the same was violently propelled against the plaintiff's auto-car, a specific act is stated, and conciseness in pleading forbids the addition of the particular details constituting or attending the act.

We gather from the averments of this complaint every element essential to constitute a cause of action for negligence. We are not remitted to speculation, in view of the direct charge that the defendant so carelessly and negligently managed and operated his car as to propel it against the plaintiff's car.

The essence of the defendant's criticism of the plaintiff's complaint is that it does not contain a statement in what particular the defendant was careless in the management, operation or control of the car, as, for instance, whether he drove too fast or too close to defendant's car, or swerved, etc. But an allegation of the act committed or omitted, with the

charge that it was negligently and carelessly done or omitted, is sufficient. McCarthy v. N. Y. C. & H. R. R. R. Co., 6 N. Y. Supp. 560; Campbell v. United States Foundry Co., 73 Hun, 576; Agnew v. Brooklyn City R. Co. Co., 20 Abb. N. C. 235; Eldridge v. L. I. R. R. Co., 1 Sandf. 89; Hyatt v. McMahon, 25 Barb. 457; Keating v. Brown, 30 Minn. 9; Mack v. St. L., Kan. C. & Mo. R. Co., 77 Mo. 232. It is not necessary to state matters of detail of an evidentiary nature. Robinson v. Rochester Railway Co., 113 N. Y. 242; Butler v. Mann, 9 Abb. N. C. 49; Hyatt v. McMahon, *supra;* Eldridge v. L. I. R. R. Co., *supra;* Agnew v. Brooklyn City R. Co., *supra;* Schneyder v. Wheeling Electrical Co., 43 W. Va. 661.

It follows that the motion must be denied.

Motion denied, with ten dollars costs.