PETERSON v. THE WHITEBREAST COAL & MINING COMPANY.

</div>

1. **Damages**: RESPONDEAT SUPERIOR. The principal is not liable for damages sustained by an employe from the negligence of a co-employe in the same general service, notwithstanding such co-employe is higher in authority than the one receiving the injury.

<div align="center">

*Appeal from Lucas Circuit Court.*

FRIDAY, APRIL 25.

</div>

THE petition states that defendant is a corporation engaged in mining coal, and that one Haven is president and superin-

tendent thereof; that plaintiff was an employe of the company, and while in its service he was greatly injured, without fault on his part, but through the fault and negligence of one "Watson, a boss or foreman of defendant, having charge and control of the plaintiff and John Peterson." To this petition there was a demurrer, which being sustained, the plaintiff appeals.

*J. N. McClanahan*, for appellant.

*Stuart Bros. & Bartholomew*, for appellee.

SEEVERS, J.—It is conceded there is no statute making the defendant liable, but the claim is that a recovery can be had

1. DAMAGES: respondeat superior.

at common law. Nearly twenty years ago it was held in *Sullivan v. M. & M. R. R. Co.*, 11 Iowa, 421, that the principal was not liable for damages sustained by an employe from the negligence of a co-employe in the same general service. This rule as to railway corporations has been changed by statute.

It is insisted, however, that the case above cited is not conclusive as an authority in this, because Watson was boss or foreman having charge and control of the plaintiff and another employe.

It is apparent, however, that Watson was simply an employe engaged in the same general service as the plaintiff. It is true, he had to a limited extent a control of other employes. It does not appear what was the extent of his authority, except such as can be inferred from the terms used in defining it. Certain it is that it is not averred he had authority to discharge other employes, or that the defendant was negligent in employing him.

We have, then, for determination the question whether the defendant is liable for the negligence of a co-employe of a different grade, but who is vested with no authority in the general management of the corporation. It makes no difference if the employe receiving the injury is inferior in grade

to the one by whose negligence the injury was caused. Shearman & Redfield on Negligence, § 100. In support of this doctrine many authorities are cited. The same rule is stated in Law of Negligence, by Wharton, § 229, where, however, it is said the rule is otherwise when the employer leaves every thing in the hands of an employe, reserving no discretion to himself.

There is no averment in the petition which brings this case within the exception, and no such presumption can be indulged. We are satisfied that the decided weight of authority is in favor of the ruling below.

It is insisted that *Harper v. Ind. & St. L. R. Co.*, 47 Mo., 567; *Lalor v. C., B. & Q. R. Co.*, 52 Ill., 401; *Fleke v. Boston & Albany R. Co.*, 53 N. Y., 549; and *Malone v. Hathway*, 64 N. Y., 5, sustain the position of appellant. Even if this were so, and we were to follow such decisions, the effect would be to overrule *Sullivan v. M. & M. R. R. Co.*, before cited, and this, in view of the legislation on this subject, we should feel unwilling to do. But counsel are mistaken as to the rule established in the foregoing decisions. The facts in the two last cases show them to be fairly within the exception above stated. In the other two cases the corporation was held liable, but upon an entirely different principle. Counsel also cite *Kellogg v. Payne*, 21 Iowa, 575; and *Callahan v. B. & M. R. R. Co.*, 23 Iowa, 563. Neither of these cases are applicable to the case in hand.

AFFIRMED.