Troughear, Adm'r, v. The Lower Vein Coal Co.

1. **Negligence of co-employe:** MINING COMPANY NOT LIABLE FOR INJURY OCCASIONED BY. A mining company is not liable for injuries caused to one of its employes by the negligence of a co-employe. *Peterson v. The Whitebreast Coal and Mining Company,* 50 Iowa, 673, followed.

2. **Instructions:** MUST PERTAIN TO THE ISSUES AND BE FOUNDED UPON THE EVIDENCE. An instruction which presents issues not made by the pleadings, or which calls for a finding of facts of which there is no evidence, is erroneous.

BECK, J., from his view of the theory and facts of the case, *dissents.*

*Appeal from Boone Circuit Court.*

FRIDAY, DECEMBER 14.

THE petition states that the defendant is engaged in the business of mining coal, and that it was its duty to "provide good and safe mines, and to keep them in good repair, and particularly to see to and provide good, safe, sufficient and properly placed supports, props, good and safe road ways, and good working faces." That defendant, not regarding its duty in this respect, negligently failed to provide the necessary timber to secure the mine where the plaintiff's intestate was engaged in mining coal for the defendant. That defendant undertook to fix and repair the road-way where the deceased was working, and that, after defendant had pretended to fix and repair the road-way, and had informed the deceased that the same was in good and safe condition, the deceased proceeded to work in said mine, when a large rock, which had been left without support, fell on the deceased, whereby he was greatly injured. "That said injury was caused solely by the failure of the defendant to properly support the roof where said rock fell, and which it was its duty to do." There was a trial by jury, verdict and judgment for the plaintiff, and the defendant appeals.

*Kidder & Crooks*, for appellant.

*Sutton & Childs*, for appellee.

SEEVERS, J.—There was evidence tending to show that Sheppard was defendant's superintendent, McKinna was the pit boss, and Brady and Parsons were road men.

McKinna had full charge of the mine, but had no authority to hire or discharge the employes, but Sheppard had such power. It was McKinna's duty to see that the mine was in proper condition. When the roof of the mine was discovered to be unsafe, it was the duty of the road man to put it in proper and safe condition. The evidence tends to show that the deceased was injured by a rock falling from the roof on him while he was working in the mine. The evidence further tends to show that McKinna had knowledge that the roof was unsafe, and that he directed or the road men undertook to make it safe and secure by propping. Brady made an attempt to do this the evening before the accident. Parsons put props under the rock, and informed the deceased that it was now in safe and good condition. The decedent went to work, and the accident immediately thereafter occurred.

The accident was undoubtedly caused by the failure of the road men to sufficiently prop or remove the rock from the roof. It is clear that the road men and deceased were co-employes, and the court so instructed the jury. In *Peterson v. The Whitebreast Coal and Mining Co.*, 50 Iowa, 673, it was held that the principal was not liable for injuries recieved by an employe through the negligence of a co-employe. The circuit court seems to have adopted this view, and instructed the jury as follows:

"7th. The defendant is liable for carelessness and negligence in the selection of its employes, and where the employment involves great danger to life, the degree of care and prudence in selecting and employing such employes must be

such as would be exercised by a reasonably prudent person, having due regard for human life, and for the services to be performed; but it cannot be held for injuries arising from the carelessness and negligence of co-employes.

"Co-employes are those engaged in the same general business, working to the accomplishment of the same general purpose. The person who mines the coal, and he who labors upon the road-way in miners' rooms, are co-employes and fellow workmen.

"8th. If, therefore, the defendant, through its superintendent, Sheppard, carelessly or negligently selected and employed indiscreet or negligent servants to perform services in its mine, or, having employed such, retained him or them in its service, when he knew, or by the exercise of ordinary care and prudence might have known, of his or their unfitness for the employment or work to be performed, it is guilty of negligence."

It will be seen that the court submitted to the jury the question whether Sheppard had been negligent in employing careless and improper men in the mine, through whose negligence or inefficiency the deceased was injured. Indeed, as we understand, this was the only question as to the negligence of the defendant which was submitted to the jury. Our opinion is confirmed in this respect by counsel for the appellee, who in their argument say: "The only theory for the recovery of the plaintiff which the charge of the court contains, as we view it, is that the defendant, if liable at all, was liable on account of its careless and negligent selection of the roadman, Parsons."

The instructions in this respect are clearly erroneous, because there is no such issue. It is not alleged in the petition that Sheppard was negligent in employing Parsons. The plaintiff does not seek to recover on this ground, but because the mine was not kept in a safe condition, and because the roof was not sufficiently propped or otherwise protected. There was error in giving the eighth instruction above set

out, for the further reason that there was no evidence introduced upon the trial justifying it.    There is an entire absence of evidence that Sheppard carelessly or negligently employed in discreet or negligent servants, or that the persons employed by him were unfit for the work to be performed by them We have frequently held that it is error to submit to the jury and call upon them to make a finding upon facts of which there is no evidence.

REVERSED.

BECK, J.—*dissenting.*    I cannot concur in the foregoing opinion.

I.    The opinion, as I understand the record, is not accurate in the statement that, whether Sheppard was negligent in employing incompetent men was the only question involving the defendant's negligence submitted to the jury.    The petition, as shown by the quotations therefrom in the majority opinion, charges defendant with negligence generally in not keeping the mine in good repair, and in failing to keep good and sufficient props, etc.    Negligence in not employing capable men is not referred to in the petition.    In the fourth instruction, the jury were directed as to the liability of defendant for the negligence contemplated in the quotation from the petition made in the majority opinion.    The court below,. doubtless, correctly considering that negligence in employing incompetent men was covered by the petition, therefore instructed the jury upon that character of negligence.    But it is a grave mistake to claim that the only question of negligence considered in the court below related to the fitness and competency of men employed by defendant.

The statement of plaintiff's counsel quoted by the majority was made as presenting a ground for the support of the judgment.    The record clearly shows that it is erroneous, and that there was another "theory for the recovery of the plaintiff," besides the one based upon negligence in employing incapable men.    A very cursory reading of the record discloses the

error of counsel in their statement, upon which they base an
argument in support of the judgment rendered in the court
below.    We are not authorized to reverse a judgment for the
reason that counsel for appellee attempts to support it upon
insufficient grounds, based upon an inaccurate statement of
the contents of the record.    It would be a very unsafe rule to
try causes here upon arguments of counsel.    They are tried
upon the facts.    It often happens that correct decisions of
the courts below are attempted to be upheld by very unsound
argument advanced by counsel.    We cannot reverse a case on
the ground that a bad reason is given for affirming it.

II.  · It will be observed that McKinna was the "bank boss,"
and Brady and Parsons were the "road men" referred to in
the statement of the facts of the foregoing opinion.    I am
clearly of the opinion that the jury were authorized to find
that the "bank boss" was negligent in not personally inspect-
ing the roof of the mine before the props were put up, in or-
der to direct the work before it was done.

He was charged with the duty of inspecting the mines.
The object of such inspection was to secure safety to the work-
men, and protection to the property of defendant.    This duty
was not discharged by hearing complaints of the condition of
the roof, and sending a workman to put in props.    He could
not delegate his authority to a workman, and substitute the
workman's skill and intelligence for his own.    The manager
says that this inspection was his "personal charge."    We
think the jury may well have found that McKinna, the "bank
boss," was negligent.

III.    Was McKinna a co-employe of the intestate?    If he
sustained that relation, plaintiff cannot recover on the ground
of his negligence.    The rule prevails in this state that an
employe cannot recover of his employer for the negligence of
a co-employe.  *Sullivan v. M. & M. R'y Co.*, 11 Iowa, 421;
*Peterson v. The Whitebreast Coal and Mining Co.*, 50 Id.,
673.

The character of the duties of the person charged with

negligence will determine whether he shall be considered as a co-employe within this rule. If the person charged with negligence and the person injured are engaged in the same general business, though they may be employed in different grades of service, the first holding authority to direct the last, they are regarded as co-employes. But when the employer commits the management of the business wholly to one charged with its prosecution, reserving no control over it, the negligence of such an one is the negligence of the employer. If a person thus employed commits the management of a part of the business, or entrusts certain duties and responsibilities connected with the management, to the charge of an employe, it is plain that he stands, as does his immediate superior, in the place of the employer. He thus becomes what may be called a vice-principal. The person wholly entrusted with the management of the business may be called a manager. The one to whom he confides the management of a part of the business, or certain departments of it, may be called an assistant.

If the assistant is clothed with the same authority and discretion in directing the enterprise that is conferred upon the manager, he, so far as his authority goes, stands in place of the manager. They are both vice-principals.

It cannot be doubted that the manager is not to be regarded as a co-employe of a workman injured through the manager's negligence. If the nature of the business is such that he cannot give it his personal supervision, and it therefore becomes necessary for him to employ an assistant, giving him complete control of a part of the business, the assistant taking the place of the manager therein, he becomes in fact a manager of that department, and a vice-principal. I think this conclusion is sustained by principles drawn from the preponderance of authorities which are fully cited in that complete work, Thomspon on Negligence—see Vol. 2, pp. 1028, *et seg*, 1026, 974. See also Wharton's Law of Negligence, § 229, and Shearman and Redfield on Negligence, § § 102, 104, *et seq*.

I am clearly of the opinion that the jury were authorized to find that through McKinna's negligence the intestate was injured, and that McKinna was, as vice-principal, clothed with authority which rendered him a representative of the defendant, and that for his negligent acts the defendant is liable.

IV.   As I understand the foregoing opinion, the judgment is reversed on the ground that the instructions relating to negligence in the employment of incompetent men should not have been given, because no issue involving such negligence is presented in the pleadings.   To my mind this position is obviously incorrect.   The petition declares upon negligence in failing to keep the mine in good repair, and the roof thereof safely propped. The defendant was bound to do these things. Being a corporation, it of necessity could discharge the duty only through employes.   Negligence in employing incapable men to do this duty for them, whereby the mine became unsafe, is negligence in failing to keep it in a safe condition. In short, any act or omission of defendant, which resulted in rendering the mine unsafe, amounts to negligence.   In other words, defendant was bound to keep the mine in a safe condition.   It failed to do this through employing incompetent men.   It was, therefore, negligent. The manner of the negligence was in the employment of unfit men.   The negligence was alleged in the petition.   It was not necessary to allege the manner in which it occurred.   It could be proved without such allegation.   It was, therefore, involved in the issues in the case.

It is my opinion that the judgment of the circuit court ought to be affirmed.