PURL CUSHMAN V. THE CARBONDALE FUEL COMPANY, Appellant.

Injury to Miner:    FAILURE TO FURNISH SAFE WORKING PLACE:    *Fellow servants.* The injury being occasioned by failure to provide a safe place to work, the workman to whom the duty of keeping such place safe was confided was not a fellow servant.

NOTICE OF DEFECT TO MINE OWNER:    *Jury question.* Where a miner was injured by the falling of rock from the roof of a mine and it appeared that it was not propped or timbered, and that there had been a heavy fall of rock from the same place a month before the accident, and small pieces fell occasionally thereafter, it justified a finding that the defect had existed for such a length of time that the owner had constructive notice thereof.

ELEMENTS OF DAMAGE:    *Instructions.* In an action for personal injuries, an instruction that plaintiff was entitled to a reasonable sum for bodily pain and mental anguish could not be understood as authorizing the consideration of future pain and suffering, and is not erroneous.

ASSUMPTION OF RISK OF EMPLOYMENT:    *Jury question.* A miner employed to drive a car was injured by rock falling from the unpropped roof of an entry in which he had never before been

except to work for a shift or two, and to pass through on one occasion. At this time he noticed that this part of the roof was not propped, but it was not customary to prop the roof of an entry. It was his duty to report anything he found wrong, but not to inspect or do work on the walls of the entry. _Held_, to warrant a finding that he had not assumed the risk.

CONTRIBUTORY NEGLIGENCE. A finding that he was not guilty of contributory negligence was proper.

_Harmless error in evidence._ Evidence as to where plaintiff was standing on the car and that it was the proper and customary place for the driver to stand, was harmless where there was no claim that he was guilty of negligence in occupying that position.

_Same._ The accident having conclusively shown that the roof was not in fact safe the admission of evidence to that effect was without prejudice.

_Same._ Where a hypothetical question stated that a portion of the roof of an entry in a mine 20 "by" 30 feet was not timbered, but described the entry as "about 8 feet wide" and the evidence showed that the untimbered part was 20 "or" 30 feet long, the concurrent statement as to the width of the entry prevented the jury from being misled.

**Directing Verdict:**  ADDITIONAL EVIDENCE AFTER MOTION IS MADE. Where plaintiff's case was deficient in some respects at the time a motion to direct a verdict was made, but these defects were afterwards supplied, the overruling of such motion is not ground for reversal.

_Appeal from Polk District Court._—HON. W. F. CONRAD, Judge.

TUESDAY, JANUARY 21, 1902.

ACTION to recover for personal injuries. From a verdict and judgment in plaintiff's favor, defendant appeals.— _Affirmed._

_Phillips, Ryan & Ryan_ and _I. M. Earle_ for appellant.

_Dowell & Parrish_ and _Spurrier & Maxwell_ for appellee.

WATERMAN, J.—Plaintiff, a coal miner of many years' experience, was in defendant's employ as a driver, it being his duty to haul coal in cars drawn by a mule from the room where it was mined to the shaft. The way to the shaft lay through entries. While driving through the north entry, plaintiff was struck and injured by a rock which fell from the roof.

I. It is first contended there is no evidence of defendant's negligence. It appears there was a considerable space in the roof of this entry, at the place where the rock fell, which was not propped or timbered. But defendant insists it had no notice of the necessity for such timbering. Notice, however, will be implied from the existence of the defect for such length of time as that defendant, in the exercise of ordinary care, should have discovered it. *Hall v. Town of Manson,* 90 Iowa, 585. There was evidence tending to show that about a month before the accident to plaintiff there was a heavy fall of rock from this same spot in the roof of the entry, and that thereafter small pieces fell from time to time. This was enough to warrant the jury in finding that defendant had constructive notice of the defective roof. In this connection it is insisted that, if any negligence is shown, it was that of a fellow servant of plaintiff, and for such negligence defendant is not liable. The general rule is that a master is obliged to use ordinary care to furnish his servant with a safe place for work, and he cannot so delegate this duty as to escape liability in case of its non-performance. *Blazenic v. Coal Co.* 102 Iowa, 706; *Fink v. Ice Co.,* 84 Iowa, 321; *Haworth v. Manufacturing Co.,* 87 Iowa, 765. The doctrine of these cases is that, if the master delegates the duty of keeping the place safe to a servant, such servant stands in the relation of a vice-principal to those working in the place provided. No matter by what name he may be designated, he is not a fellow servant with them. See, also, Bishop, Non-Contract Law, sections 647, 648; Cooley, Torts, 665. A different rule

applies where the keeping of the place safe is a necessary incident of the work to be done by the injured person.   *Oleson v. Mining Co.*, 115 Iowa, 74.   In the cases of *Troughear v. Coal Co.*, 62 Iowa, 576, and *Fosburg v. Fuel Co.*, 93 Iowa, 54, the trial court instructed that the doctrine of fellow servant applied, and the cases were each brought here on the defendant's appeal, no objection being made to the rule stated.   Manifestly, the instructions announced the law of the case so far as this court was concerned.   *Peterson v. Mining Co.*, 50 Iowa, 673, is also called to our attention by appellant.   That case was determined on demurrer, and it does not appear that the injury complained of was occasioned by a breach of the duty to furnish a safe place in which to work, or proper appliances for the servant to use.

II.   Other defenses are that plaintiff assumed the risk to which he was exposed, and that he was guilty of contributory negligence.   These matters may very properly be considered together; for the doctrine of assumption of risk involves the elements of knowledge of the defect and appreciation of the danger.   *Stomne v. Hanford Produce Co.*, 108 Iowa, 137.   Plaintiff had been employed in the mine less than a month, and his work previous to the accident had been in the south entry. He had never been in the north entry before the day he was hurt, except, as he says, to work for a shift or two, cleaning roads, and to pass through it on the Sunday preceding.   On this last occasion he noticed this spot was not timbered.   He was making his third trip when injured.   These facts the jury were authorized to find.   While he knew this part of the roof was bare, it did not follow that he must have appreciated it was dangerous because of this condition, for the evidence shows it is not customary to prop the whole roof of an entry.   See, on this point, *Morris v. Coal Co.*, 95 Iowa, 639.   There is evidence tending to show that it was plaintiff's duty, if he saw anything wrong, to report it; but

he was a driver and it was no part of his duty to inspect the mine, or do any work on the walls of this entry. It is not shown that he knew anything of the previous fall of rock from the roof, or had reason, from anything he saw, to believe the roof to be dangerous. The jury was instructed both on the matter of assumption of risk and contributory negligence, and under the evidence we think, they were warranted in finding in plaintiff's favor on each proposition. There was a motion by defendant to direct a verdict in its favor at the close of plaintiff's case, which was overruled. It is now contended that the evidence as then introduced was deficient in some respects, and we should pass upon the merits of the motion in the light of the evidence as it then stood, even though such deficiency may have been afterwards supplied. As it is not claimed the court erred in receiving the testimony later introduced, we cannot indorse this claim. If plaintiff, by proper evidence, makes a good case, we are not going to send it back for a new trial because it was vulnerable to objection when he first submitted it. Besides, on the first ground of negligence claimed, viz, the failure to prop the entry, the evidence was practically the same when the motion to direct a verdict was passed upon as when the case was given to the jury.

III.  We notice next some rulings on evidence of which complaint is made. Plaintiff was allowed to tell where he was standing on the car at the time of the accident, and to state that it was the proper and customary place for the driver to stand. As there is no claim that plaintiff was guilty of contributory negligence in occupying the place he did when hurt, the testimony could not, in any view, have been prejudicial. If we were to construe section 2491 of the Code as forbidding the driver of a loaded car riding thereon, still we should have to say that there was no connection between plaintiff's position and the cause of the injury. Had he been hurt by the car,

another question would have been presented; but as it is, his being upon the car, while a condition, was in no sense a cause, of the accident. The testimony was not material, and, as we have said, could in no way have injuriously affected plaintiff's rights. A witness (Ryan) testified to knowledge of the first fall of rock from the roof, and also of the fall that injured plaintiff. He was then asked this question: "You may state, from the facts you have detailed here, whether or not, after the fall on Sunday [the first one], you have related, that roof was in a reasonably safe condition?" Over defendant's objection this was answered. The witness said it was not. It is now claimed the question called upon the witness to usurp the province of the jury. The fact the jury were to find was whether, prior to the accident, the roof appeared to be unsafe. The witness was called upon to say whether it was in fact unsafe. Inasmuch as the accident to plaintiff conclusively established that the roof was not safe, the witness's answer to that effect was without prejudice. Upon facts hypothetically stated, another witness was asked for his opinion, and gave it in accordance with the opinion of the witness to whom we have just referred. What has been already said might well dispose of this matter, but we may add further that the objection to this last question was not sufficiently specific to present the proposition argued here, nor were the grounds of the motion made to strike the answer. It is claimed the last question contained facts of which there was no evidence. It stated that a portion of the entry 20 "by" 30 feet was not timbered. The testimony showed that the untimbered part was 20 "to" 30 feet. This variance is thought to be material. But, as the question described the roof of the entry as being about 8 feet wide, we feel sure the jury could not have been misled.

IV. The following instruction, given by the court, relating to the measure of damages, is criticised:    "The

plaintiff is entitled, if to anything, to such a sum as will compensate him for the injury sustained: In determining that you will allow him such sum, first, as will compensate him for the time lost by reason of injury. This is susceptible of direct proof, and you will only allow him such sum as the evidence shows he is entitled to by reason thereof. Second. He is entitled to such reasonable sum as you may allow him for bodily pain and mental anguish. This element of damage is not susceptible of direct proof, and must, of necessity, be left to your sound discretion. But in no event can you allow him more than $5,000." It is claimed this instruction is erroneous as to the matter of pain and suffering, under the rule announced in *Ford v. City of Des Moines,* 106 Iowa, 94; *Sanders v. O'Callaghan,* 111 Iowa, 574, and authorities cited in the latter case. The instructions reviewed and condemned in these cases all related to future pain and suffering. The one under consideration does not, nor could it have been understood by the jury as so doing, for there was no evidence tending to show a probable continuance of the pain in the future. The matter is ruled, we think, by *Morris v. Railroad Co.,* 45 Iowa, 29. Taking the court's charge as a whole, and we are of opinion it covered the case and announced the law correctly. There was no evidence to warrant giving the jury the issue of negligence of a fellow servant, and the matter of assumption of risk was correctly defined, and its consequences stated, though it may well be questioned whether the court was required to submit that issue under the evidence.

There is evidence to sustain the verdict, and therefore we cannot interfere on the facts. It is said the verdict is excessive. The amount does seem large in view of all the testimony, but, if the jury believed the plaintiff, their award was justified.—AFFIRMED.