ELLA TURNER v. LEWIS TURNER, Appellant.

Divorce: INHUMAN TREATMENT. The repeated false assertions made by a husband in the presence of his family and to others that the wife is unchaste, are calculated to impair her health and endanger life and may justify a divorce.

*Appeal from Mahaska District Court.*—HON. W. G. CLEMENTS, Judge.

WEDNESDAY, JANUARY 13, 1904.

ACTION for divorce. Decree for plaintiff. Defendant appeals.—*Affirmed.*

*James Carroll* for appellant.

*S. G. Van Auken* for appellee.

McClain, J.—It appears from the testimony of witnesses who speak from general information, rather than from any personal knowledge, that, about seven years prior to the institution of this suit, defendant was committed to an institution for the insane; that some years later he was paroled therefrom in order that he might go to the Soldiers' Home; that later he was given a full discharge from the insane asylum; and thereafter, although still continuing to spend part of his time at the Soldiers' Home, he returned from time to time to his former home, and the residence of his family, and insisted on resuming his relations with the plaintiff as his wife. Plaintiff, however, refused to allow him to live with her, on the ground that he had publicly and repeatedly charged in the presence of their children, and had also stated to other persons, that she was an unchaste woman, having improper relations with other men, and that their youngest child at that time about twelve years of age, was not his son. It appears from plaintiff's testimony that these charges were first made by defendant before he was sent to the asylum, that they were reiterated by him while he was an inmate of the asylum, and that they have frequently and publicly been made since his return. The evidence tends to show that these charges have caused ill health on the part of the plaintiff, that her life and health are imperiled by these repeated accusations, and that they are absolutely false and without any plausible foundation. That charges of this kind made against a virtuous woman are calculated to impair her health, and thereby imperil her life, and that under such circumstances they may constitute such cruel and inhuman treatment as to justify a divorce, is not questioned by counsel for appellant. We have nothing before us to consider, therefore, except the sufficiency of the evidence to establish the facts relied upon by plaintiff, and which the trial court found to be sufficient to warrant

a decree. It is unnecessary to so go into the evidence in detail, and it is sufficient for us to say, in approving the decree of the lower court, that, after an examination of the record, we are satisfied with the conclusion which the trial court has reached.—AFFIRMED.