HARRIET MARTIN, Appellee, v. HENRY T. MARTIN,
Appellant.

**Divorce:** CRUEL AND INHUMAN TREATMENT. Accusations of repre-
hensible conduct made by the husband against the wife seriously
affecting her nervous condition, and which if continued would
literally endanger her life, are sufficient to support a decree of
divorce on the ground of cruel and inhuman treatment.

**Same:** ALIMONY: ATTORNEY'S FEES. Where it is shown, as in this
case, that the husband was possessed of over $20,000 in property,
but had adult children by a former marriage who aided in accu-
mulating the same, an allowance to the wife of $3,000 alimony
was not excessive; and the allowance of $500 to her attorneys
for prosecuting the action both in the district court and on ap-
peal, while liberal, is approved.

*Appeal from Taylor District Court.*—HON. H. K. EVANS,
Judge.

SATURDAY, FEBRUARY 11, 1911.

ACTION for divorce on the ground of cruel and in-
human treatment. Decree for plaintiff. Defendant ap-
peals. *Affirmed.*

*William M. Jackson* and *McCoun & Burrell*, for ap-
pellant.

*Flick & Flick*, for appellee.

EVANS, J.—I. Plaintiff and defendant were married
in Indiana July 30, 1906. The plaintiff was sixty-eight
years old and the defendant two years older. They were
married "at his mother's house." After marriage they

came to the home of the defendant in Iowa and lived hap-
pily for a little more than two years. After
that time friction arose which resulted in a
separation. The charge of cruel and inhuman
treatment which is made against the defendant is based
largely· upon various accusations made by him against his
wife which seriously affected her character. It is urged
by counsel that they were trivial ·in their nature, and that
they could not properly be made the basis of a decree of
divorce. We have read the record with care, and we reach
the conclusion that the trial court was quite justified in
holding that the conduct of the defendant warranted a
decree to the plaintiff. That he accused her both in terms
and by innuendo of most reprehensible conduct is without
serious dispute in the testimony. There is no attempt at
justification of such accusations. It would be quite in-
credible that there could be justification for them. The
most charitable view that could be taken of them is that
the defendant became possessed of hallucination on the sub-
ject, and we can not avoid strong impressions along that
line. This defense, however, is not urged in his behalf,
and we would not be justified in considering it. The final
altercation between the parties resulted in physical vio-
lence from which, however, no serious results followed. We
are satisfied from the evidence that the accusations made
by the defendant have seriously affected the plaintiff as to
her nervous condition and health, and that a continuance
of them would literally endanger her life. The trial court
therefore properly rendered a decree of divorce.

II. The trial court fixed the alimony of the plaintiff
at $3,000 and attorney's fees in the sum of $500. Tem-
porary alimony had previously been allowed in the sum
of $400. Complaint is made that these al-
lowances are excessive. The defendant is
worth some $21,000 to $25,000, but he has a family by
a former marriage. These are now grown up, but they

*Margin headings:*

1. Divorce: cruel and inhuman treatment.

2. Same: alimony: attorney's fees.

helped to acquire the property and, of course, are entitled to consideration. We think, however, that the sum allowed to the plaintiff under all the circumstances was not excessive. Our most serious doubt arises over the $500 attorney's fees. The case is a simple one both as to the law and the facts, and we would have been better satisfied with a more moderate allowance for attorney's fees. As against this, plaintiff's counsel ask that an additional allowance be made to them for services in this court. We are satisfied that the sum of $500 is a liberal compensation for attorney's fees in both courts. We conclude, therefore, to affirm the decree without the allowance of any additional attorney's fees to plaintiff's counsel. *Affirmed.*