BESSIE MCCLURG, Appellee, v. CHARLEY CLEMENT MCCLURG, Appellant.

*F. E. Northup*, for appellant.

*C. H. E. Boardman*, for appellee.

EVANS, J.—I. These parties were last married in October, 1916. They had been previously married, and had been divorced. They are now divorced for the second time. The allegations of the petition charge cruel and inhuman treatment. Such treatment consists of alleged cursing and threatening of a brutal kind. It consists further of alleged accusations by the defendant against his wife of improper relations between her and another man. These alleged cruelties were testified to by the plaintiff. The evidence as a whole is rather meager. It is contended by the defendant that the plaintiff has no corroboration to her evidence. As to the evidence of cursing and threatening, the corroboration is meager, indeed. On the question of the accusations, the corroboration appears to be legally sufficient. We think the testimony of the plaintiff finds corroboration in that of one of the church elders and in that of the defendant himself. Such accusations, if proved, do, in our judgment, constitute cruel and inhuman treatment. Whether, in the given case, it is sufficient to endanger life, is a further question. No pure wife can be expected to bear with equanimity charges or intimations of her unchastity. Nor is it necessary, in order to constitute cruelty, that a direct charge of unchastity be made. Intimations of such unchastity, deliberately made, are quite as cruel. Defendant's denials go no further than to say that he did not *charge* her with unchastity. He admits that he talked about it to the church elders. The witness Blake, a church elder, denied that charges had been made. But his testimony also disclosed that the defendant had talked to the church elders on the subject, and that they had called upon the plaintiff and had discussed the subject with her, in an effort

to work a reconciliation.. The action of these church elders is not to be criticized. They acted pursuant to their church discipline, and in an attempt in good faith to perform their official duties. No charges were formulated before them, nor did they form any. But their testimony shows, nevertheless, that the chastity of the plaintiff had been seriously brought in question. A wife, in such a situation, has very little legal redress available to her. However, our only query at this point is whether her testimony on this subject was corroborated. We are constrained to answer in the affirmative, though, from the whole record, we are impressed with the unwisdom of this proceeding.

II. A question of alimony is involved. When the parties were married, the plaintiff had no property. The defendant had more than $4,000. He purchased a good home worth $3,000. The  title was taken in the name of the wife. It was not fully paid for. The unpaid purchase money amounts to more than $1,000. It contains $1,000 worth of furniture. The defendant has a little other personal property, to the value of a few hundred dollars. He is an industrious man, and has been such throughout their married life, and is receiving substantial wages. The son, Donald, is seven years old, and his custody has been awarded to his mother. The district court awarded to the wife the house and the furniture, and further ordered the defendant to return and put back upon the premises a certain garage which he had removed therefrom. The effect of the order is to give to the wife substantially all the property. The award is no more that she *needs*, but it constitutes a very large share of the common assets. The award of alimony should not be penal.. Even if it were penal, the wrong of the defendant has some mitigation in the conduct of the plaintiff herself toward him. Included in the personal property of the defendant is an automobile of small value. It may, nevertheless, be very useful to him in the pursuit of his occupation. In view of the large share of the common assets awarded to the plaintiff, we are constrained to the view that the defendant should be permitted to retain the garage, as an adjunct to the old automobile. Indeed, its value to him for immediate use may be substantially greater than it can be to the plaintiff. The

award will be modified to this extent. In other respects, the degree will be affirmed.—*Modified and affirmed.*

ALBERT, C. J., and STEVENS, FAVILLE, KINDIG, and WAGNER, JJ., concur.