MARION WILLIGES, Appellee, v. WILLIAM A. WILLIGES, Appellant.

No. 41715.

MARCH 7, 1933.

Milchrist, Schmidt, Marshall & Jepson, Jepson, Struble & Sif-
ford, and A. C. Hatt, for appellant.

Gunnell & Rawlings and Robert B. Pike, for appellee.

ALBERT, J.—Plaintiff filed a petition for a divorce from the de-
fendant on the ground of cruel and inhuman treatment. Defendant,
after a general denial, filed a cross-petition against plaintiff asking
a divorce from her on the same ground.

As in all actions of this kind, the determination of the questions involved requires an investigation of the facts proven in the case—the law being quite well settled—and every case necessarily turns on its own peculiar facts. An elaboration of the fact situation in this case would be of little use to the parties or to the profession.

Briefly stated, the plaintiff is a woman of 34 years of age. She had been previously married and divorced, and had two children by her first marriage. Defendant, at the time of the marriage, was about 40 years of age, and the date of the marriage was September 10, 1927. The parties had been keeping company for four or five years prior thereto, and upon their marriage moved into a home in Sioux City owned and furnished by the defendant. The husband gave the wife an allowance for expense money of about $50 a month, which was later increased to $75, and in addition, he paid all of the bills for the support of the family. He was a cutter and designer in a fur-manufacturing concern, and received a salary of $500 a month.

Shortly after their marriage and frequently thereafter, the subject of contention between the parties was the question of having children. Both parties seemed to have been willing to have children, but, as none arrived, the appellant accused the appellee of being unable to bear children, and made slighting remarks about her on account thereof, and said, among other things, that she "was no good". She submitted to medical examinations on different occasions to determine whether this trouble arose from her inability, and was always assured by the medical examiners that the trouble did not lie with her.

On September 22, 1931, the defendant left for a trip to New York to buy furs and to study fashions, and returned from this trip on October 3, 1931. On going to his home, appellee was found ill and lying on the bed. She claimed that he then solicited intercourse, and she told him she was not feeling well and asked him to be considerate enough to wait until she felt better, as she had been advised by a physician who was taking care of her at that time she was suffering from some minor bladder trouble and should desist from intercourse until she felt better. Defendant became angry and went out, slamming the door. Family relations were resumed some time during the next week.

On the evening of October 16, 1931, appellant was not feeling well, and he advised appellee he had a venereal disease which he

had contracted from her. This she promptly denied, and on the next day she went to a doctor for an examination to determine whether or not she was thus afflicted. On a careful and complete examination by a competent physician, she was advised she was not diseased, and later this diagnosis was confirmed by two other physicians.

On the way home from a party on the evening of October 17, 1931, appellee was told to "pack her things and get out", and, on being asked for a reason, she was informed that she had communicated to him a venereal disease. She advised him of the result of the doctor's examination. When they reached home, in pursuance of his direction, she gathered her clothing together, and he took her in his automobile to her mother's home in the same city, where he left her at the front door without funds for her support.

Briefly stated, this is a summary of the evidence in the case. Appellant insists that it is not sufficient to entitle the plaintiff to a divorce, but he was entitled to a divorce on his cross-petition. As stated above, the plaintiff was granted a divorce, with alimony, attorney's fees, etc., and the defendant was denied a divorce on his cross-petition.

It is quite well settled that a party is entitled to a divorce on the ground of cruel and inhuman treatment such as to endanger life, where there are unwarranted charges and accusations of unchastity. The last case on this question, where our former cases are cited, is Massie v. Massie, 202 Iowa 1311, 210 N. W. 431.

The evidence in the case shows that the ground on which the defendant sought a divorce in his cross-petition was that the plaintiff had communicated to him a venereal disease. The evidence also shows that, in looking up evidence for the purpose of his defense, he unnecessarily communicated to several parties whom he consulted that he had received this disease from his wife. He admits that he made these statements and accusations against her. A careful study of the record shows that they were wholly unnecessary and unwarranted. Her testimony consists of a strict denial of the charge that she was suffering from a venereal disease which he said she communicated to him, and several medical examinations, made at different times by different reputable physicians, confirm her statement in this respect.

The evidence in the case does not corroborate his testimony in regard to this matter, and we think, under the rule heretofore cited,

the district court was right in granting plaintiff a divorce, and, of course, denying one to the defendant.

Complaint is made as to the amount of alimony allowed to plaintiff, which was $1,500 in cash to cover attorney's fees and costs, $100 a month for the first month, and $80 a month thereafter so long as she should live or until she remarried. The evidence shows the worth of the defendant to be over $33,000, and, in the light of this situation, we do not think the alimony allowance is excessive. —Affirmed.

KINDIG, C. J., and EVANS, UTTERBACK, DONEGAN, and STEVENS, JJ., concur.