MILDRED BLAZEK, Appellee, v. WILLIAM BLAZEK, Appellant.

No. 41851.

JUNE 20, 1933.

PETITION FOR REHEARING STRICKEN ON MOTION SEPTEMBER 19, 1933.

Fred W. Hann, for appellant.

Otto L. Schluter, for appellee.

KINTZINGER, J.—Plaintiff filed a petition for divorce against the defendant upon the grounds of cruel and inhuman treatment. Defendant denies the allegations of cruel and inhuman treatment.

The plaintiff and defendant were married in February, 1929, and lived together until March, 1932. As a result of the marriage there was born unto plaintiff and the defendant two children.

From the evidence introduced on both sides their brief married life was a stormy career. The evidence to support the allegations of cruel and inhuman treatment relates to (1) beating and striking, (2) calling her vile and profane names, and (3) accusing her of infidelity.

While the plaintiff may not have had sufficient corroboration to support her evidence of beating and striking, there is ample evidence in the record to show that the defendant abused plaintiff by calling her vile and profane names in the presence of others, and that he unjustly accused her of infidelity. The testimony shows that the plaintiff was in very ill health for practically a year prior to the trial, and that during the greater part of that time was confined to her bed. The evidence on both sides was confined to members of their own families.

The lower court, after giving due consideration to the evidence introduced, found in favor of the plaintiff and against the defendant. We have also given due consideration to all of the evidence in the case and find no reason for disturbing the findings of the lower court. There was a serious conflict in the testimony, and after careful consideration of the evidence we have reached the same conclusion.

The evidence offered by the plaintiff tends to show that some of her illness during the last year preceding the trial was caused by abusive treatment on the part of the defendant. Plaintiff testifies that such illness was caused by such treatment; her mother testified that

during her illness she had one nervous convulsion after another; her father testified that she was sick during the year preceding the trial; and the defendant himself admits that the plaintiff was sick part of that time. The evidence shows that defendant repeatedly charged her with infidelity, called her vile names, and claimed that he was not the father of her children. She was corroborated in these charges by her mother who also heard him call her vile and obscene names. This testimony is sharply denied by the defendant.

It is the settled law of this state that there may be cruel and inhuman treatment such as to endanger life without any physical violence, and that unwarranted charges and accusations of unchastity constitute cruel and inhuman treatment, and are sufficient to justify a divorce. Turner v. Turner, 122 Iowa 113, 97 N. W. 997; Martin v. Martin, 150 Iowa 223, 129 N. W. 816; Butts v. Butts, 185 Iowa 954, 171 N. W. 295; Meyer v. Meyer, 187 Iowa 617, 174 N. W. 356; Anderson v. Anderson, 189 Iowa 95, 174 N. W. 665, 177 N. W. 712; Shaffer v. Shaffer (Iowa) 181 N. W. 261 (not officially reported).

We deem it unnecessary to enter into a detailed discussion of all of the evidence offered, but are satisfied from the facts and circumstances shown by the record that the decree of the lower court was correct. The children of the parties hereto are being well taken care of by the parents of the plaintiff, to whose custody they were awarded, and we are not disposed to change the provisions for their care made by the lower court.

The decree of the lower court is hereby affirmed.

KINDIG, C. J., and STEVENS, ANDERSON, and MITCHELL, JJ., concur.