MARGARET SMITH, appellee, v. RONALD SMITH, appellant.

No. 51880.

(Reported in 139 N.W.2d 453)

January 11, 1966.

Blake H. Shipton, of Center Point, for appellant.

Kenneth L. Moon, of Cedar Rapids, for appellee.

Moore, J.—On October 30, 1964, plaintiff, Margaret Smith, filed her petition for divorce against defendant, Ronald Smith, alleging the ground designated by section 598.8(5), Code, 1962, as "such inhuman treatment as to endanger the life of his wife." She asked custody of their two children, child support, equitable orders with regard to their property and debts and other relief. Defendant filed his answer denying plaintiff right to a divorce and asked that plaintiff's petition be dismissed.

Following trial which commenced February 4, 1965, plaintiff was granted a divorce, custody of the children, child support and some of the personal property of the parties. Defendant was given the equity in the home, two cars and certain personal property and ordered to pay plaintiff $1000.

Defendant has appealed. He relies on three propositions for reversal, that the trial court erred (1) in finding defendant guilty of cruel and inhuman treatment such as to endanger plaintiff's health and life, (2) in taking evidence ex parte after the cause

was submitted and (3) overruling his motion for verdict after plaintiff rested for lack of sufficient corroboration. He makes no other attack on the provisions of the decree.

Plaintiff, then 16, and defendant 23 were married June 23, 1956, at Cedar Rapids. Neither had been previously married. They first lived at Palo but for several years before this action maintained their home at Cedar Rapids which was being purchased with their joint earnings. Two children were born of this marriage, Karla, born January 26, 1959, and Sheila, born September 11, 1962. Defendant when married worked in the factory of Link-Belt Speeder Company and continued throughout the marriage. During the last three years plaintiff was regularly employed as a factory worker at Square "D". Unlike most parties in such cases, they had no real financial problems although defendant spent far too much on beer.

Plaintiff testified that during the eight years of marriage defendant drank beer to excess, during the last two or three years he spent most of his evening and all day Saturday at taverns, on Sundays he went to a cabin or hunting with his brother, they took beer with them, defendant was drunk two or more times a week, he seldom asked her to go out, he was severe with her when he came home and most of their quarrels were about his drinking.

Plaintiff further testified defendant used profanity in the presence of the children and during temper tantrums kicked the furniture, slugged the refrigerator and tore off his shirt. Defendant frequently accused her of infidelity but later would say he did not mean it. When plaintiff was expecting the second child, defendant made an accusation to her that his brother was the father of her unborn child. Defendant once in the presence of another man in vile terms suddenly and without any reason accused plaintiff of wanting to have sexual intercourse with that man. She had never sought another man or been unfaithful to her marriage vows.

The only evidence of physical violence is that at a party defendant became angry, poured beer on plaintiff's head and dragged her out the door. On another occasion he choked her. She had red marks on her neck for a couple of days.

Plaintiff testified defendant's conduct caused her to be extremely nervous and upset, she could not sleep, her appetite was affected, she vomited and lost weight. She took nerve and stomach pills which were prescribed by her doctor. Without any objection being made, she testified her doctor's diagnosis of her trouble was nervous stomach with spasmodic opening. Her nervous condition worsened during the last year but after leaving defendant her health improved, she ceased taking medicine and regained her weight. Plaintiff further testified she could not continue the marriage as it was going because of impairment of her health.

Plaintiff's mother testified defendant used profanity, was frequently away from home and spent almost every Friday night at the Palo tavern. She also described plaintiff's nervous and upset condition, her vomiting, loss of weight and improvement after separation.

Defendant's testimony confirmed almost all of plaintiff's evidence. He testified he seldom stayed out later than 9 p.m. during the week and that he had been really drunk only about ten times. He made no denial of false charges of infidelity.

Defendant apparently thought that without physical violence his conduct was proper. He testified at no time during his marriage did he have any intention of committing any physical harm to plaintiff.

I. The general rules of law applicable here are well established. Our review is de novo. Rule 334, Rules of Civil Procedure.

To entitle a party to a divorce under section 598.8(5) it is necessary two elements be proved, (1) inhuman treatment and (2) danger to life therefrom. Phillips v. Phillips, 251 Iowa 1310, 1312, 104 N.W.2d 832, 833; Payton v. Payton, 252 Iowa 772, 777, 108 N.W.2d 358, 361, 86 A. L. R.2d 416; Peitersen v. Peitersen, 253 Iowa 893, 895, 114 N.W.2d 299, 300; Howe v. Howe, 255 Iowa 280, 282, 122 N.W.2d 348, 349; Arnold v. Arnold, 257 Iowa 429, 434, 133 N.W.2d 53, 57.

Life may be endangered by impairment of health and where such danger is reasonably to be apprehended. We have repeatedly held conduct of one spouse may amount to such in-

human treatment as to endanger life without physical violence or mistreatment. Howe v. Howe, 255 Iowa 280, 282, 122 N.W.2d 348, 349; McMurray v. McMurray, 256 Iowa 97, 99, 126 N.W.2d 336, 338; Arnold v. Arnold, 257 Iowa 429, 434, 133 N.W.2d 53, 57; Hand v. Hand, 257 Iowa 643, 645, 133 N.W.2d 63, 65.

Mistreatment which deprives a spouse of needed rest, peace of mind and affects the nervous system so health is undermined may endanger life as effectively as physical violence. Cimijotti v. Cimijotti, 255 Iowa 77, 79, 121 N.W.2d 537, 538; Hancock v. Hancock, 257 Iowa 119, 123, 131 N.W.2d 757, 760; Arnold v. Arnold, 257 Iowa 429, 434, 133 N.W.2d 53, 57.

Another established rule is that false charges of conjugal misconduct may constitute cruel and inhuman treatment such as to require a divorce. Worthington v. Worthington, 238 Iowa 1044, 1048, 29 N.W.2d 186, 188; Howe v. Howe, 255 Iowa 280, 284, 285, 122 N.W.2d 348, 350, and citations; Hand v. Hand, 257 Iowa 643, 645, 133 N.W.2d 63, 65.

We have construed restoration of health and weight after a few months of separation, following failure of health and loss of weight, as tending to establish conduct of defendant was inhuman and endangered life. Bouska v. Bouska, 249 Iowa 281, 284, 285, 86 N.W.2d 884, 886; Phillips v. Phillips, 251 Iowa 1310, 1313, 104 N.W.2d 832, 833; Rasmussen v. Rasmussen, 252 Iowa 414, 421, 107 N.W.2d 114, 118.

In determining whether plaintiff's life was endangered by defendant's cruel and inhuman treatment it is necessary to consider the entire record during their married life and not separate incidents. Miller v. Miller, 249 Iowa 725, 731, 88 N.W. 2d 816, 820; Phillips v. Phillips, 251 Iowa 1310, 1312, 104 N.W. 2d 832, 833; Howe v. Howe, 255 Iowa 280, 285, 122 N.W.2d 348, 351.

Our problem is to determine whether defendant's abuse adds up to such cruel and inhuman treatment as to endanger plaintiff's life. We are convinced it clearly does.

II. Defendant's second proposition relied on for reversal is without support in the record. Defendant in his brief and argument concludes the trial court after submission of the cause took evidence ex parte in regard to items of household furnishings

owned by the parties but makes no complaint of the court's property division. Defendant's second assignment is without merit.

■ ■ III. Defendant next asserts the trial court erred in "overruling his motion for directed verdict after plaintiff rested by reason of want of sufficient corroboration evidence". We assume he contends a motion to dismiss was made at the close of plaintiff's case in chief. The record does not disclose such a motion, its contents or any ruling by the trial court. The only indication such a motion was made is found in defendant's brief and argument. Defendant does not claim his motion was renewed at the close of all the evidence.

Assuming arguendo defendant made such a motion at the close of plaintiff's case and the trial court erred in overruling it we find defendant's third assigned error presents no real issue. Any error in overruling such a motion was waived by failure to renew it at the close of all the evidence. Ver Steegh v. Flaugh, 251 Iowa 1011, 1020, 103 N.W.2d 718, 724, and citations; State v. Stodola, 257 Iowa 863, 865, 134 N.W.2d 920, 921.

Any deficiency in plaintiff's case as to corroboration was supplied by defendant's testimony and no error could be predicated on the trial court's ruling on the motion to dismiss, if made, at the close of plaintiff's case. If the trial court was right in its final ruling on the merits of the case, it is immaterial whether the court was right in its first ruling. Cushman v. Carbondale Fuel Co., 116 Iowa 618, 622, 88 N.W. 817, 818; Pressley v. Stone, 214 Iowa 449, 451, 239 N.W. 567, 568; City of Corning v. Iowa-Nebraska L. & P. Co., 225 Iowa 1380, 1391, 1392, 282 N.W. 791, 797.

We have consistently held corroboration as required by Code section 598.7 may be furnished by defendant's own testimony. Lamp v. Lamp, 245 Iowa 52, 58, 60 N.W.2d 844, 848; Lane v. Lane, 253 Iowa 92, 95, 96, 111 N.W.2d 286, 288; Cimijotti v. Cimijotti, 255 Iowa 77, 81, 121 N.W.2d 537, 539; Hancock v. Hancock, 257 Iowa 119, 123, 131 N.W.2d 757, 760; Arnold v. Arnold, 257 Iowa 429, 435, 133 N.W.2d 53, 57. As we have pointed out, defendant's testimony corroborates that of plaintiff in almost every particular. There is no evidence of collusion between the parties.

We have considered the assigned errors and find the decree should be and it is approved.—Affirmed.

All JUSTICES concur.